# EXHIBIT A

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*
Vache Thomassian, Esq. | SBN: 289053
KJT Law Group, LLP
230 N. Maryland Ave.  Suite 306 Glendale, CA 91206

TELEPHONE NO.: (818) 507-8525 | FAX NO.
E-MAIL ADDRESS vache@kjtlawgroup.com
ATTORNEY FOR *(Name):* Plaintiff:

**Los Angeles County Superior Court - Stanley Mosk Courthouse**

STREET ADDRESS: 111 North Hill Street

MAILING ADDRESS:

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Stanley Mosk - Central District

FOR COURT USE ONLY

**FILED**
Superior Court of California
County of Los Angeles

APR 24 2019

Sherri R. Carter, Executive Officer/Clerk of Court
By *Brigitte De La Rosa* Deputy
Brigitte De La Rosa

PLAINTIFF:  **Juan M. Guzman-Lopez, individually**

DEFENDANT:  **The American Bottling Company, a corporation**

CASE NUMBER:

**19STCV13050**

SSC-17

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>EM00091 - Guzman v. Am. Botting Co. |
|---|---|

*(Separate proof of service is required for each party served.)*

FILED BY FAX
(CRC 2005)

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* Civil Case Cover Sheet Addendum and Statement of Location;Notice of Case Assignment Unlimited Civil Case; Standing Order Re: Personal Injury Proicedures, Central District; First Amended Standing Orde-Re:Final Status Conference, Personal Injury ('PI') Courts (effective as of April 16, 2018)

3. a. Party served *(specify name of party as shown on documents served):*

   **The American Bottling Company, a corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   **CT Corporation System, c/o Albert Delamonte - Registered Agent for Service of process**
   **Age: 29 Weight: 180 Hair: Brown Sex: Male Height: 5'11'' Eyes:  Race: Hispanic**

4. Address where the party was served:  **CT Corporation System**
   **818 W 7th St Ste 930**
   **Los Angeles, CA 90017-3476**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **4/18/2019**   (2) at *(time):* 9:21 AM

   b. ☐ **by substituted service.** On *(date):* at  *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*             **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/115189A** |
|---|---|---|

| PETITIONER:  Juan M. Guzman-Lopez, individually | CASE NUMBER: |
|---|---|
| RESPONDENT:  The American Bottling Company, a corporation | 19STCV13050 |

c. ☐ **by mail and acknowledgment of receipt of service.**  I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*               (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐  Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of  *(specify):*
c. ☐ as occupant.
d. ☑ On behalf of  *(specify):* **The American Bottling Company, a corporation**
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)             ☐ 415.46 (occupant)
                                    ☐ other:

7. **Person who served papers**
  a. Name: **Oscar Herrera - ON-CALL LEGAL**
  b. Address: **1875 Century Park East, STE H  Los Angeles, CA 90067**
  c. Telephone number: **(310) 858-9800**
  d. **The fee** for service was: **$ 106.40**
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
      (i) ☐ owner    ☑ employee    ☐ independent contractor.
      (ii) Registration No.: **2018048510**
      (iii) County: **Los Angeles**

8. ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or
9. ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **4/22/2019**

**ON-CALL LEGAL**
**1875 Century Park East, STE H**
**Los Angeles, CA 90067**
**(310) 858-9800**
**www.OnCallLegal.com**

_____
**Oscar Herrera**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____

**PROOF OF SERVICE OF SUMMONS**

SUM-100

# SUMMONS
## *(CITATION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE AMERICAN BOTTLING COMPANY, a corporation;
KEURIG-DR. PEPPER, INC., a corporation; and DOES 1-20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JUAN M. GUZMAN-LOPEZ, individually and on behalf of all others
similarly situated,

> *FOR COURT USE ONLY*
> *(SOLO PARA USO DE LA CORTE)*
>
> CONFORMED COPY
> ORIGINAL FILED
> Superior Court of California
> County of Los Angeles
>
> APR 16 2019
>
> Sherri R. Carter, Executive Officer/Clerk of Court
>
> By: Steven Drew, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California<br><br>**Stanley Mosk Courthouse - Central District**<br>**111 North Hill Street, Los Angeles, CA 90012** | CASE NUMBER:<br>*(Número del Caso):*<br>**19STCV13050** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Vache Thomassian, Esq., 230 North Maryland Avenue, Suite 306, Glendale, CA 91206 Ph:818-507-8525

| DATE: **APR 16 2019**<br>*(Fecha)* | Sherri R. Carter, Clerk Clerk, by<br>*(Secretario)* _____ **STEVEN DREW** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): Keurig-Dr. Pepper, Inc., a Corporation

    under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
        ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1   **KJT LAW GROUP LLP**
    VACHE A. THOMASSIAN  (SBN 289053)
2   vache@kjtlawgroup.com
    CASPAR JIVALAGIAN (SBN 282818)
3   caspar@kjtlawgroup.com
    230 North Maryland Avenue, Suite 306
4   Glendale, CA 91206
    Tel:  818.507.8525
5
    **ADAMS EMPLOYMENT COUNSEL**
6   CHRISTOPHER A. ADAMS (SBN 266440)
    ca@AdamsEmploymentCounsel.com
7   4740 Calle Carga
    Camarillo, CA 93012
8   Tel:  818.425.1437

9   Attorneys for Plaintiff Juan M. Guzman-Lopez, on
    behalf of himself and all others similarly situated
10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                      **COUNTY OF LOS ANGELES**

13   JUAN M. GUZMAN-LOPEZ,___           Case No.:   **19STCV13050**
     individually and on behalf of all others
14   similarly situated,                **CLASS ACTION COMPLAINT FOR DAMAGES:**

15                      Plaintiff,      1.  Failure to Pay Minimum Wage;
                                        2.  Failure to Pay Overtime Wages;
16             v.                       3.  Failure to Provide Meal Periods;
                                        4.  Failure to Provide Rest Periods;
17   THE AMERICAN BOTTLING             5.  Failure to Furnish Accurate Wage Statements;
     COMPANY, a corporation; KEURIG-    6.  Failure to Maintain Required Records;
18   DR. PEPPER, INC., a corporation; and   7.  Failure to Pay All Wages Due to Discharged
     DOES 1-20, inclusive,                 and Quitting Employees;
19                                      8.  Unfair Business Practices; and
                       Defendants.      9.  Failure to Indemnify Employees for Business
20                                          Expenditures and Losses

21                                      **JURY TRIAL REQUESTED**

22

23

24

25

26

27

28

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 1 8 2019

Sherri R. Carter, Executive Officer/Clerk of Court
By:  Steven Drew, Deputy

1    Plaintiff Juan M. Guzman-Lopez brings this action on behalf of himself, and on behalf of

2  all other similarly-situated members of the public, and alleges the following:

3  I.    **INTRODUCTION**

4    1.    Plaintiff Juan M. Guzman-Lopez ("Plaintiff") brings this class action to remedy wage-

5  and-hour violations by Defendants Keurig-Dr. Pepper, Inc., The American Bottling Company and

6  Does 1 through 20 (collectively, "Defendants").  For at least four years prior to the filing of this

7  Complaint and through the present, Defendants have engaged in a uniform policy and systematic

8  scheme of wage abuse against Plaintiff and other non-exempt employees of Defendants in violation

9  of applicable California laws, including, without limitation, failing to provide meal and rest breaks,

10  and failing to pay minimum and overtime wages.

11  II.    **THE PARTIES**

12    2.    **Defendant The American Bottling Company** is a subsidiary of Keurig-Dr. Pepper,

13  Inc. offering bottling services and is distributor of Dr. Pepper affiliated soft drinks.  At all times

14  mentioned herein, Defendant The American Bottling Company was and is an employer covered

15  by the California Labor Code and the California Industrial Welfare Commission ("IWC") Wage

16  Order.

17    3.    **Defendant Keurig-Dr. Pepper, Inc.,** formerly Dr. Pepper-Snapple Group, Inc., is a

18  nationwide conglomerate and makers of various assortments of soft drinks.  At all times mentioned

19  herein, Defendant Keurig-Dr. Pepper, Inc. was and is an employer covered by the California

20  Labor Code and the California Industrial Welfare Commission ("IWC") Wage Order.

21    4.    Plaintiff is unaware and ignorant of the true names and capacities of defendants sued

22  herein as Does 1 through 20, inclusive, and for that reason sues said defendants by such fictitious

23  names (the "Doe Defendants").

24    5.    At all times herein relevant, Defendants, and each of them, were the agents,

25  partners, joint-venturers, joint employers, alter-egos, representatives, servants, employees,

26  successors-in-interest, co-conspirators and assigns, each of the other, and at times relevant hereto

27  were acting with the course and cope of theirs authority as such agents, partners, joint-venturers,

28    2

1    joint employers, alter-egos, representatives, servants, employees, successors-in-interest, co-

2    conspirators and assigns, and all acts or omissions alleged herein were duly committed with the

3    ratification, knowledge, permission, encouragement, authorization, and consent of each defendant

4    designated herein. Plaintiff is informed and believes, and based thereon alleges that the acts of

5    each Defendants are legally attributable to the other Defendants.

6         6.    Plaintiff is informed and believes, and based thereon alleges that each of the Doe

7    Defendants is legally responsible for the events and happenings referred to in this Complaint, and

8    unlawfully caused the injuries and damages to Plaintiff and similarly situated employees as alleged

9    in this Complaint. Plaintiff will file and serve an amendment to this Complaint alleging the true

10   names and capacities of the Doe Defendants when such true names, capacities, and involvement is

11   ascertained.

12        7.    **Plaintiff Juan M. Guzman-Lopez** was jointly employed by Defendants at its facility

13   in Vernon, California as a merchandiser from approximately November 2017 to September 2018.

14   As a merchandiser, Plaintiff would drive to various storefronts throughout Los Angeles County in

15   order to set up promotional signs and stock-up on merchandise under the Keurig-Dr. Pepper

16   banner. At all times during his employment with Defendants, Plaintiff was a non-exempt

17   employee, paid in whole or in part on an hourly basis. Plaintiff is an individual residing in the

18   County of Los Angeles, California.

19        8.    Plaintiff brings this class action on behalf of himself and a **Class**, defined as: All

20   persons who have been employed by The American Bottling Company and Keurig-Dr. Pepper,

21   Inc. in California as a non-exempt employee at any time during the period beginning four years

22   prior to the filing of this Complaint and ending on the date as determined by the Court (the "Class

23   Period").

24        9.    At all times relevant to this Complaint, Defendants jointly exercised control over the

25   wages, hours, and working conditions of Plaintiff and similarly situated employees; suffered and

26   permitted Plaintiff and similarly situated employees to work; and otherwise engaged Plaintiff and

27   similarly situated employees to work, so as to create an employer-employee relationship between

28

3

1  Defendants and Plaintiff and similarly situated employees. At all relevant times, Defendants were

2  "employers" of Plaintiff within the meaning of all applicable California state laws.

3  **III.  JURISDICTION AND VENUE**

4       10.    This class action is brought pursuant to California Code of Civil Procedure § 382.

5  The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of

6  the Superior Court and will be established according to proof at trial.

7       11.    This Court has jurisdiction over this action under the California Constitution, Article

8  VI, Section 10, which grants the Superior Court original jurisdiction in all causes except those

9  given by statute to other courts. The statutes under which this action is brought do not specifically

10 grant jurisdiction to any other court, and the issues are based solely on California statutes and law,

11 including the California Labor Code, California IWC Wage Orders, California Code of Civil

12 Procedure, California Civil Code, and the California Business and Professions Code.

13       12.    The California Superior Court has jurisdiction over Defendants, because they are

14 citizens of California, have sufficient minimum contacts in California, and otherwise intentionally

15 avail themselves to the California market, including establishing their principal place of business

16 and transacting business in California. Venue is proper in this Court, because Defendants transact

17 business in the County of Los Angeles, including offering their services in the county, and during

18 relevant time periods, Plaintiff was employed by Defendants in the County of Los Angeles.

19 **IV.  FACTUAL BACKGROUND**

20       13.    At all relevant times set forth in this Complaint, Defendants employed Plaintiff and

21 similarly situated employees as hourly, non-exempt employees.

22       14.    Plaintiff and each member of the Class were covered under one or more IWC

23 Wage Orders and/or the California Labor Code provisions relating to wage-and-hour laws, and

24 other applicable wage orders, regulations, and statutes, which imposed an obligation on the part of

25 Defendants, among other things, to provide uninterrupted meal and rest periods, to pay overtime

26 wages, to pay wages for all hours worked, and to provide accurate wage statements.

27       15.    Plaintiff is informed and believes, and based thereon alleges that Defendants are,

28                                          4

1    and at all times relevant hereto were, authorized to conduct business in the state of California, and

2    does conduct business in the state of California. Specifically, Defendants maintains facilities and

3    conducts business in, and engages in illegal payroll practices or policies in the county of Los

4    Angeles, State of California.

5        16.   Plaintiff is informed and believes, and based thereon alleges that Defendants

6    engaged in a uniform policy and systematic scheme of wage abuse against its non-exempt

7    employees, including, without limitation, depriving their employees of uninterrupted thirty-minute

8    meal periods for work periods of at least five hours; depriving their employees of ten-minute rest

9    periods for work periods of four hours or major fractions; failing to compensate employees for all

10   hours worked, including overtime wages; failing to provide timely, accurate itemized wage

11   statements; and failing to pay, within the time constraints imposed by applicable laws, all earned

12   compensation at separation of employment.

13       17.   Plaintiff is informed and believes, and based thereon alleges that Defendants failed

14   to provide Plaintiff and similarly situated employees the required meal periods or payment of one

15   additional hour of pay at Plaintiff's and the other Class members' regular rate of pay when a meal

16   break was missed during the Class Period. This was a result of Defendants' uniform policy and

17   practice of altering Plaintiff's and other Class members' time records by recording fictitious 30-

18   minute meal breaks in Defendants' timekeeping system so as to create the appearance that

19   Defendants provided Plaintiff and similarly situated employees 30-minute meal breaks when in fact

20   Plaintiff and similarly situated employees were not at all times provided 30-minute meal breaks.

21   As a result of Defendants' demanding deadlines, Plaintiff and similarly situated employees were

22   required to perform work as ordered by Defendants for more than five hours during a shift

23   without receiving a duty-free, uninterrupted meal break and/or more than ten hours in a shift

24   without receiving a second meal break. Defendants had no policy, procedure, or practice for

25   Plaintiff and similarly situated employees to report missed meal periods or recover lost wages, and

26   Defendants had no policy, procedure, or practice to provide one hour of additional wages for each

27   workday that the meal breaks were not provided.

28

CLASS ACTION AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES

18.   Plaintiff is informed and believes, and based thereon alleges that Defendants failed to provide Plaintiff and similarly situated employees rest periods of at least ten minutes per four hours worked, or major fraction thereof, and failed to pay Plaintiff and similarly situated employees one hour of additional wages at Plaintiff's and other Class members' regular rate of pay when a rest break was not provided during the Class Period.  Defendants had no policy, procedure, or practice for Plaintiff and similarly situated employees to report missed rest breaks or recover lost wages, and Defendants had no policy, procedure, or practice to provide one hour of additional wages for each workday that the rest break was not provided.

19.   Plaintiff is informed and believes, and based thereon alleges that Defendants failed to provide Plaintiff and similarly situated employees' wages, including overtime wages, for all hours worked, meaning the time during which Plaintiff and similarly situated employees were subject to the control of Defendants, including all the time they were suffered or permitted to work.  This was a result of Defendants' uniform policy and practice of requiring Plaintiff and similarly situated employees to work off-the-clock without paying them for all the time they were under Defendants' control performing pre-shift and post-shift duties and during purported meal breaks.  Plaintiff and similarly situated employees were entitled to receive compensation for all hours worked, and that they did not receive compensation for all hours worked.  Plaintiff and similarly situated employees worked over eight hours in a day, and/or forty hours in a week during their employment with Defendants and Defendants failed to pay overtime wages to Plaintiff and similarly situated employees for all hours worked more than eight hours in a day and/or forty hours per week.

20.   Plaintiff is informed and believes, and based thereon alleges that Defendants had unlawfully failed to provide timely, accurate, itemized wage statements to Plaintiff and similarly situated employees.

21.   Plaintiff is informed and believes, and based thereon alleges that Defendants have failed to pay Plaintiff and similarly situated employees California's prevailing minimum wage for "all hours worked".  Plaintiff and similarly situated employees were subject to Defendants' excessive expectation that its employees complete their assigned routes within predetermined

6

1     timeframe at all cost. As a result of Defendants' demands, Plaintiff and similarly situated

2     employees had their 30 minute meal breaks deducted so as to appear as if they took their duty-

3     free, uninterrupted meal breaks. Such deducted time expended by Plaintiff and similarly situated

4     employees qualified as "hours worked" within the meaning of the California Labor Code and

5     IWC Wage Order 1-2001, for which Defendants failed to compensate Plaintiff and similarly

6     situated employees.

7         22.    As a direct result and proximate result of the unlawful actions of Defendants,

8     Plaintiff and other Class members have suffered, and continue to suffer, from loss of earnings in

9     amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

10    **V.    CLASS ALLEGATIONS**

11        23.    **Class Definition.** The named individual Plaintiff brings this action on his own behalf

12    and on behalf of all similarly-situated persons as a class action under California Code of Civil

13    Procedure § 382. Plaintiff proposes the following class ("Class"):

14            All persons who have been employed by Keurig-Dr. Pepper, Inc.
              and The American Bottling Company in California as a non-exempt
15            employee at any time during the period beginning four years prior
16            to the filing of this Complaint and ending on the date as determined
              by the Court (the "Class Period").

17        24.    Plaintiff reserves the right to amend or modify the class description with greater

18    particularity or further division into subclasses.

19        25.    **Ascertainable Class.** The proposed Class is ascertainable, because the members can

20    be identified and located using information contained in Defendants' payroll and personnel

21    records.

22        26.    **Numerosity.** The members of the Class are so numerous that joinder of all

23    members would be impractical and unfeasible. While the precise number of Class members is

24    currently unknown to Plaintiff, Plaintiff is informed and believes that the Class is estimated to be

25    greater than 50 individuals.

26        27.    **Typicality.** Plaintiff's claims are typical of the Class as Plaintiff and members of the

27    Class were all subjected by Defendants to the same violations of the Labor Code, the applicable

28                                    7

1    IWC Wage Order, and the Business and Professions Code.

2        28.    **Adequacy of Representation.** The named Plaintiff is fully prepared to take all

3 necessary steps to represent fairly and adequately the interests of the Class, and has retained

4 counsel who is experienced in class action and wage-and-hour litigation of this nature. Plaintiff

5 does not have any interests adverse to the interests of the Class members and will fairly and

6 adequately protect the interests of all Class members.

7        29.    **Superiority.** A class action is superior to other available means for the fair and

8 efficient adjudication of this controversy. The potential class is a significant number. Individual

9 joinder of all former and current employees is not practicable.

10        30.    **Common Question of Law and Fact.** There are questions of law and fact common

11 to the potential Class that predominate over any questions affecting only individual members of the

12 Class which focuses on Defendants' illegal practices and policies which were applied to all non-

13 exempt employees in violation of the Labor Code, applicable IWC Wage Order, and the Business

14 and Professions Code which prohibits unfair business practices arising from such violations.

15 These common questions of law and fact, include, without limitation:

16        a.    Whether Defendants' policies and practices provide meal and rest periods in

17           compliance with applicable laws;

18        b.    Whether Defendants deprived Plaintiff and similarly situated employees of

19           meal or rest periods;

20        c.    Whether Defendants failed to provide Plaintiff and similarly situated employees

21           adequate off-duty meal periods and missed meal period compensation;

22        d.    Whether Defendants have engaged in a pattern and/or practice of failing to

23           properly compensate the Plaintiff and similarly situated employees for all hours

          worked, including overtime wages;

24        e.    Whether Defendants have engaged in a pattern and/or practice of encouraging

25           Plaintiff and similarly situated employees not to report all time worked;

26        f.    Whether Defendants failed to pay Plaintiff and similarly situated employees for

27           the work that Defendants required them to perform;

28

·8·

g. Whether Defendants have engaged in a pattern and/or practice of threatening Plaintiff and similarly situated employees with discharge, demotion, or discrimination or otherwise intimidating them if they do not work off-the-clock;

h. Whether Defendants failed to pay Plaintiff and similarly situated employees overtime compensation when Plaintiff and similarly situated employees worked in excess of eight hours in a day or forty in a workweek;

i. Whether Defendants failed to pay Plaintiff and similarly situated employees overtime compensation at double their regular rate of pay when Plaintiff and similarly situated employees worked in excess of twelve hours in a day or in excess of eight on the seventh consecutive day of work in a workweek;

j. Whether Defendants included all required compensation in calculating the overtime rate of Plaintiff and similarly situated employees;

k. Whether Defendants failed to provide Plaintiff and similarly situated employees with accurate itemized wage statements;

l. Whether Defendants failed to reimburse for business expenditures and losses;

m. Whether Defendants acted with malice, oppression, or fraud;

n. Whether Defendants violated California Labor Code §§ 201-204, 226.7, 227.3, 210, 510, 512, 551, 552, 1118.12, 1194 *et seq.*, 1197, and 1198;

o. Whether Defendants violated Industrial Welfare Commission Orders;

p. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code §§ 17200, *et seq.*; and

q. The nature and extent of the injury suffered by Plaintiff and similarly situated employees and the measure of damages for the injury.

31. The nature of this action and the format of laws available to Plaintiff and members of the Class make the class action format a particularly efficient and an appropriate procedure to redress the wrongs alleged herein. If each member of the Class were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior

9

1   financial and legal resources.  Requiring each Class member to pursue an individual remedy would

2   also discourage the assertion of lawful claims by employees who would be disinclined to file an

3   action against their former or current employer for real and justifiable fear of retaliation and

4   permanent damage to their careers at subsequent employment.

5          32.     Plaintiff is unaware of any difficulties in managing this case that should preclude class

6   action.

7   **VI.    CAUSES OF ACTION**

8                              **FIRST CAUSE OF ACTION**
                                **Failure to Pay Minimum Wage**
9       (Cal. Labor Code §§ 204, 1194 *et seq.*, 1197, 1197.1, 1198, IWC Wage Order No. 1-2001, § 4)
                           (By Plaintiff and the Class Against Each Defendant)
10

11         33.  ·    Plaintiff incorporates by reference and re-alleges paragraphs set forth above as

12  though set forth fully herein: Plaintiff alleges as follows as a class action and a representative cause

13  of action on behalf of himself and all Class members.

14         34.     California Labor Code § 204, IWC Wage Order 1-2001, § 4, and other applicable

15  laws and regulations, provide that an employer must timely pay its employees for all hours worked.

16         35.     California Labor Code § 1197 further provides, "The minimum wage for employees

17  fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to

18  employees, and the payment of a lower wage than the minimum so fixed is unlawful."

19         36.     California Labor Code § 1194 establishes an employee's right to recover unpaid

20  wages, including interest, and the cost of suit.  California Labor Code § 1198 further provides that

21  the employment of an employee for longer than those fixed by the IWC Wage Orders is unlawful.

22         37.     Defendants failed to, and continue to fail to pay Plaintiff and Class members

23  minimum wages for all hours worked by, among other things: requiring, suffering, or permitting

24  Plaintiff and Class members to work off-the-clock; requiring, suffering or permitting Plaintiff and

25  Class members to work through meal breaks; illegally and inaccurately recording time worked by

26  Plaintiff and Class members; failing to properly maintain Plaintiff's and Class members' records;

27  failing to provide itemized wage statements to Plaintiff and Class members for each pay period;

28  and other methods to be discovered.

                                        10

38. Defendants knew or should have known that Plaintiff and Class members worked hours for which they were not compensated.

39. Defendants' conduct described herein violates, and continues to violate, California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 1-2001, §4. As a proximate result of the aforementioned violations, Plaintiff and Class members have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, and 1197.1 and other applicable provisions under the Labor Code and IWC Wage Order No. 1-2001, Plaintiff and Class members are entitled to recover the unpaid balance of wages owed to them by Defendants, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## SECOND CAUSE OF ACTION
### Failure to Pay Overtime Wages
(Cal. Labor Code §§ 510, 204, 1194 et seq., 1197.1, 1198, IWC Wage Order No. 1-2001, § 3)
(By Plaintiff and the Class Against Each Defendant)

40. Plaintiff incorporates by reference and re-alleges paragraphs set forth above as though set forth fully herein. Plaintiff alleges as follows as a class action and a representative cause of action on behalf of himself and all Class members.

41. California Labor Code § 204, IWC Wage Order No. 1-2001, § 3, and other applicable laws and regulations, provide that an employer must timely pay its employees for all hours worked.

42. California Labor Code § 510 provides that employees in California shall not be employed more than eight hours per workday or forty hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

43. California Labor Code § 510 further provides that employees in California shall not be employed more than twelve hours per workday unless they receive wages at double their regular rate of pay.

44. California Labor Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest, and the cost of suit. California Labor Code § 1198 further provides that the employment of an employee for longer than those fixed by the IWC Wage Orders is unlawful.

11

45. Plaintiff and Class members are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194, and IWC Wage Order No. 1-2001.

46. Defendants maintained and enforced policies and practices of refusing to pay Plaintiff and Class members for all hours worked. Defendants employed Plaintiff and Class members for more than eight hours per day and more than 40 hours per workweek during the operative timeframe, but Defendants failed to pay Plaintiff and Class members the correct applicable overtime rate for the number of overtime hours they worked as required by the California Labor Code and the applicable IWC Wage Order.

47. Defendants thus required Plaintiff and Class members to work under conditions prohibited by order of the IWC, in violation of those orders.

48. Defendants owe Plaintiff and Class members overtime wages, have failed and refused, and continues to fail and refuse, to pay the overtime wages owed. Additionally, Defendants did not include all the required compensation in calculating the overtime rate of Plaintiff and similarly situated employees.

49. Defendants' conduct described herein violates, and continues to violate, California Labor Code §§ 510, 1194 and 1198 and IWC Wage Order No. 1-2001, § 3. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, and 1197.1 and other applicable provisions under the Labor Code and IWC Wage Order No. 1-2001, Plaintiff and Class members are entitled to recover the unpaid balance of wages owed to them by Defendants, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

**THIRD CAUSE OF ACTION**
**Failure to Provide Meal Periods**
(Cal. Labor Code §§ 226.7, 512, IWC Wage Order No. 1-2001, § 11)
(By Plaintiff and the Class Against Each Defendant)

50. Plaintiff incorporates by reference and re-alleges paragraphs set forth above as though set forth fully herein. Plaintiff alleges as follows as a class action and a representative cause of action on behalf of himself and all Class members.

51. Plaintiff and Class members regularly worked greater than five hours and on occasion greater than ten hours per day. Pursuant to California Labor Code § 512, an employer

12

1  may not employ someone for a shift of more than five hours without providing him or her with a

2  meal period of not less than thirty minutes or for more than ten hours without providing him or

3  her with a second meal period of not less than thirty minutes.

4        52.    Despite the requirements of the applicable IWC Wage Order and California Labor

5  Code §§ 512 and 226.7, Defendants required, permitted or otherwise suffered Plaintiff and Class

6  members to take less than the 30 minute meal period, or to work through them, and have failed to

7  otherwise provide the required meal periods to Plaintiff and Class members.

8        53.    During the Class Period, Plaintiff and Class members were required to work

9  through or cut short their meal breaks due to Defendants' requirement that Plaintiff and Class

10  members complete their assignments within predetermined amount of time, without taking into

11  consideration such factors as travel time, and need to stop for meal breaks. Defendants failed to

12  factor in such impediments, or enact protocols that would have allowed Plaintiff and Class

13  members to report missed, delayed, or interrupted meal breaks.

14        54.    Pursuant to California Labor Code § 226.7, Plaintiff and Class members have

15  sustained economic damages, including, but not limited to, unpaid wages and lost interest, in an

16  amount according to proof at trial, and are entitled to recover one-hour of premium pay for each

17  day in which a lawful meal period was not provided. Plaintiff and Class members are further

18  entitled to attorneys' fees pursuant to Code of Civil Procedure § 1021.5, and pursuant to Labor

19  Code section 2699(g)(1), Plaintiff and Class members are entitled to an award of reasonable

20  attorneys' fees and costs relating to their claims for civil penalties due to Defendants' violation of

21  the California Labor Code and IWC Wage Order No. 1-2001.

22                        <u>**FOURTH CAUSE OF ACTION**</u>
                         **Failure to Provide Rest Periods**
23        (Cal. Labor Code § 226.7, 512; IWC Wage Order No. 1-2001, § 12)
                (By Plaintiff and the Class Against Each Defendant)
24

25        55.    Plaintiff incorporates by reference and re-alleges paragraphs set forth above as

26  though set forth fully herein. Plaintiff alleges as follows as a class action and a representative cause

27  of action on behalf of himself and all Class members.

28                                  13

56.     Pursuant to IWC Wage Order No. 1-2001, § 12 (A) , "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. . . . [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof. . . . Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages." California Labor Code § 226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.  Under these laws, Defendant was required to authorize and permit Plaintiff and Class members to take rest periods, based upon the total hours worked at a rate of ten minutes' net rest per four hours, or major fraction thereof, with no deduction from wages.

57.     During the Covered Period, Defendant provided Plaintiff and Class members with policies that did not permit first or second rest breaks for shifts between six and eight hours or third rest breaks for shifts over ten hours.

58.     Defendants violated, and continue to violate California Labor Code § 226.7 and IWC Wage Order No. 1-2001, § 12 by failing to pay Plaintiff and Class members who were not provided with a rest break, in accordance with the applicable wage order, one additional hour of compensation at each employees' regular rate of pay for each workday that a rest period was not provided.

59.     Pursuant to Labor Code § 226.7, Plaintiff and Class members have sustained economic damages, including, but not limited to, unpaid wages and lost interest, in an amount according to proof at trial, and are entitled to recover one-hour of premium pay for each day in which a lawful meal period was not provided. Plaintiff and Class members are further entitled to attorneys' fees pursuant to Code of Civil Procedure § 1021.5, and pursuant to Labor Code section 2699(g)(1), Plaintiff and Class members are entitled to an award of reasonable attorneys' fees and costs relating to their claims for civil penalties due to Defendants' violation of the California Labor Code and IWC Wage Order No. 1-2001.

14

## FIFTH CAUSE OF ACTION
### Failure to Furnish Accurate Itemized Wage Statements
(Cal. Labor Code §§ 226 & 226.3, IWC Wage Order No. 1-2001, § 7)
(By Plaintiff and the Class Against Each Defendant)

60.     Plaintiff incorporates by reference and re-alleges paragraphs set forth above as though set forth fully herein. Plaintiff alleges as follows as a class action and a representative cause of action on behalf of himself and all Class members.

61.     California Labor Code § 226(a) and IWC Wage Order 1-2001, § 7(B) require employers semimonthly or at the time of each payment of wages to furnish each employee with a statement itemizing, among other things, all applicable hourly rates.  Labor Code § 226(b) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, all applicable hourly rates, then the employee is entitled to recover the greater of all actual damages or fifty dollars for the initial violation and one hundred dollars for each subsequent violation, up to four thousand dollars.

62.     Defendants knowingly and intentionally failed to furnish Plaintiff and Class members with timely, itemized statements as required by California Labor Code § 226(a) and IWC Wage Order 1-2001, § 7(B).  As a result, Defendants are liable to Plaintiff and to the Class for the amounts provided by Labor Code § 226(b) and for penalties, and attorneys' fees.

63.     During the Class Period, Plaintiff and Class members suffered, and continue to suffer, injury as a result of Defendants' failure to provide timely and accurate itemized wage statements, as Plaintiff and Class members could not promptly and easily determine from the wage statement alone one or more of the following: the gross wages earned, the total hours worked, all deductions made, the net wages earned, the name and address of the legal entity or entities employing Plaintiff and Class members, and/or all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

64.     As a direct and proximate result of Defendants' unlawful actions and omissions, Plaintiff and Class members have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon.  Additionally, Plaintiff and Class members are entitled to all available statutory and civil penalties, including but not limited to statutory and civil

15

1   penalties pursuant to California Labor Code § 226(e) and 1174.5, and an award of costs, expenses,

2   and reasonable attorneys' fees, including but not limited to those provided in California Labor

3   Code § 226(e), as well as other available remedies.

### SIXTH CAUSE OF ACTION
#### Failure to Maintain Required Records
(Cal. Labor Code §§ 226, 1174, IWC Wage Order No. 1-2001, § 7)
(By Plaintiff and the Class Against Each Defendant)

6      65.   Plaintiff incorporates by reference and re-alleges the paragraphs set forth above as

though set forth fully herein.  Plaintiff alleges as follows as a class action and a representative cause

of action on behalf of himself and all Class members.

9      66.   As part of Defendants' illegal policies and practices to deprive Plaintiff of all wages

earned and due, Defendants knowingly and intentionally failed to maintain records as required

under California Labor Code §§ 226 and 1174 and IWC Wage Order 1-2001, § 7, including but

not limited to the following records, total daily hours worked by each employee; applicable rates of

pay; all deductions; meal periods; time records showing when each employee begins and ends each

work period; and accurate itemized statements.

15     67.   As a proximate result of Defendants' unlawful actions and omissions, Plaintiff has

been damaged in an amount according to proof at trial, and is entitled to all wages earned and due,

plus interest thereon.

18     68.   Additionally, Plaintiff is entitled to all available statutory penalties, including but not

limited to civil penalties pursuant to California Labor Code §§ 226(2) and 1174.5, and an award of

costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in

California Labor Code § 226(e), as well as other remedies available.

### SEVENTH CAUSE OF ACTION
#### Failure to Pay All Wages Due to Discharged and Quitting Employees
(Cal. Labor Code §§ 201,202, 203)
(By Plaintiff and the Class Against Each Defendant)

26     69.   Plaintiff incorporates by reference and re-alleges the paragraphs set forth above as

though set forth fully herein.  Plaintiff alleges as follows as a class action and a representative cause

of action on behalf of himself and all Class members.

16

70.     Pursuant to California Labor Code § 201, 202, and 203, Defendants are required to pay all earned and unpaid wages to discharged and quitting employees.

71.     California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

72.     Pursuant to California Labor Code § 202, Defendants are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

73.     California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.     •

74.     During the Class Period, Defendants have willfully failed, and continue to willfully fail, to pay accrued wages and other compensation to Plaintiff and Class members in accordance with California Labor Code §§ 201 and 202.

75.     As a result, Plaintiff and Class Members are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

## EIGHTH CAUSE OF ACTION
### Unfair and Unlawful Business Practices
(Cal. Business and Professions Code § 17200, et seq.)
(By Plaintiff and the Class Against Each Defendant)

76.     Plaintiff incorporates by reference and re-alleges paragraphs set forth above as though set forth fully herein. Plaintiff alleges as follows as representative cause of action on behalf of himself and all Class members.

77.     A violation of California Business and Professions Code §§ 17200, et seq., may be predicated on the violation of any state or federal law.  Defendants' policies, activities, and actions

17

1   as alleged herein, are violations of California law and constitute unlawful business acts and

2   practices in violation of California Business and Professions Code §§ 17200, *et seq.* Defendants

3   have engaged and continues to engage in unfair and unlawful business practices in California by

4   practicing, employing, and utilizing the employment practices outlined above, including failing to

5   pay reporting time pay, and failing to provide meal and rest breaks in violation of the applicable

6   IWC Wage Order and California Labor Code.

7       78.     Defendants' violations of California wage and hour laws constitute a business

8   practice because Defendants' aforementioned acts and omissions were done repeatedly over a

9   significant period of time, and in a systematic manner, to the detriment of Plaintiff and Class

10  members.

11      79.     Defendants have avoided payment of wages, overtime wages, meal and rest break

12  premium payments, and other benefits as required by the California Labor Code, the California

13  Code of Regulations, and IWC Wage Order No. 1-2001. Furthermore, Defendants have failed to

14  record, report, and pay the correct sums of assessment to the state authorities under the California

15  Labor Code and other applicable regulations.

16      80.     Defendants' unfair and unlawful business practices, as alleged in this Complaint,

17  have allowed Defendant to reap in unfair and illegal profits during the Class Period at the expense

18  of Plaintiff, Class members, and members of the public. Defendants should be made to disgorge

19  their ill-gotten gains and restore them to Plaintiff and Class members. Plaintiff seeks to enforce

20  important rights affecting the public interest within the meaning of the California Code of Civil

21  Procedure § 1021.5

22      81.     Pursuant to California Business and Professions Code §§ 17200, *et seq.*, Plaintiff

23  and Class members are entitled to restitution of the wages withheld and retained by Defendants

24  during the Class Period; an award of attorneys' fees pursuant to California Labor Code § 1194;

25  and California Code of Civil Procedure § 1021.5; interest; and an award of costs.

### NINTH CAUSE OF ACTION
Failure to Indemnify Employees for Necessary Expenditures Incurred In Charge of Duties
(Cal. Labor Code §§ 221, 450, 1198, 2802, 1194.5; IWC Wage Order No. 1-2001, § 9)
(By Plaintiff Against Each Defendant)

18

82.     Plaintiff incorporates by reference and re-alleges paragraphs set forth above as though set forth fully herein. Plaintiff alleges as follows on behalf of himself and all Class members.

83.     California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by an employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer. California Labor Code § 221 makes it unlawful for employers to collect or receive from an employee any part of wages paid. California Labor Code § 450 makes it unlawful for an employer to compel or coerce employees to purchase anything of value from the employer.

84.     Defendants have knowingly and willfully failed and continue to fail to indemnify Plaintiff for all business expenses and/or losses incurred in direct consequence of the discharge of Plaintiff's duties while working under the direction of Defendants, including but not limited to, by failing to reimburse employees for use of their personal mobile phone for work purposes. Plaintiff and other Class members were required to use their personal mobile phones for the purpose of communicating with management, and for the purpose of using GPS to help find their assigned work locations. Defendants have failed and continue to fail to reimburse Plaintiff for the time spent and the reasonable expenses incurred in utilizing their personal mobile phones in violation of California Labor Code § 2802 and IWC Wage Order No. 1-2001, § 9.

85.     By requiring Plaintiff to pay for work-related expenses without reimbursement, Defendants, pursuant to its policy and practice, willfully violated and continue to violate California Labor Code §§ 221, 450, and 2802.

86.     As a proximate result of Defendants' unlawful actions and omissions, Plaintiff has been damaged in an amount according to proof at trial, and seeks reimbursement of all necessary expenditures, coerced payments, and unlawful deductions, plus interest thereon pursuant to California Labor Code §§ 221, 450, and 2802(b). Additionally, Plaintiff is entitled to all available statutory penalties and award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies. Pursuant to California Labor Code § 1194.5, Plaintiff is also entitled to preliminary and permanent injunctive

19

CLASS ACTION AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES

1  relief against further violations of the laws and wage orders alleged herein.

2  **VII.    PRAYER FOR RELIEF**

3         Wherefore, Plaintiff, individually and on behalf of all other members of the Class, and on

4  behalf of aggrieved employees, pray for an award and judgment against Defendants jointly as

5  follows:

6         1.    For compensatory damages in an amount to be ascertained at trial;

7         2.    For restitution of all monies due to Plaintiff and Class members, as well as

8  disgorged profits from defendants' unfair and unlawful business practices;

9         3.    For punitive damages on applicable causes of action;

10        4.    For declaratory relief;

11        5.    For statutory and civil penalties according to proof, including but not limited to all

12  penalties authorized by the California Labor Code § 226(e);

13        6.    For preliminary and permanent injunctive relief enjoining Defendants from

14  violating the relevant provisions of the California Labor Code and IWC Wage Order No. 1-2001

15  and from engaging in the unlawful business practices complained of herein;

16        7.    For an award of interest, including prejudgment interest, at the legal rate;

17        8.    For an award of reasonable attorneys' fees and costs on the applicable causes of

18  action pursuant to California Labor Code §§ 1194 and 2802, California Civil Code 1021.5, and

19  any other applicable provisions providing for attorneys' fees and costs;

20        9.    For costs of suit incurred;

21        10.   For an order appointing Plaintiff as class representative and Plaintiff's counsel as

22  class counsel; and

23        11.   For such other and further relief as the Court may deem just and appropriate.

24

25                              **DEMAND FOR JURY TRIAL**

26  Plaintiff hereby demands a jury trial in this matter on all matters triable to a jury.

27

28                                      20

1

2    **KJT LAW GROUP, LLP**
     Vache A. Thomassian, Esq.

3    Caspar Jivalagian, Esq.

4    **ADAMS EMPLOYMENT COUNSEL**
     Christopher A. Adams, Esq.

5

6

7    Dated: April ⎍ 5 , 2019          By:   _____
                                              Attorneys for Plaintiff,
8                                             Juan M. Guzman-Lopez

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          21

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Vache A. Thomassian SBN 289053; Caspar Jivalagian SBN 282818<br>KJT Law Group, LLP<br>230 North Maryland Avenue, Suite 306<br>Glendale, CA 91206<br>TELEPHONE NO.: 818-507-8525      FAX NO.: 818-507-8588<br>ATTORNEY FOR *(Name):* Plaintiff Juan M. Guzman-Lopez | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>APR 16 2019<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br><br>By: Steven Drew, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Juan M. Guzman-Lopez v. The American Bottling Co., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 19STCV13050 |
|---|---|---|
| [✓] Unlimited    [ ] Limited<br>(Amount         (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):* 9
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 04/15/2019
Vache Thomassian
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
  Physicians & Surgeons
 Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
  and fall)
 Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
 Intentional Infliction of
  Emotional Distress
 Negligent Infliction of
  Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
  *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
  Contract *(not unlawful detainer
   or wrongful eviction)*
 Contract/Warranty Breach–Seller
  Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
  Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
  Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
  Case Matter
 Writ–Other Limited Court Case
  Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
  Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex
 case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
  County)
 Confession of Judgment *(non-
  domestic relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment
  Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
 above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
  harassment)*
 Mechanics Lien
 Other Commercial Complaint
  Case *(non-tort/non-complex)*
 Other Civil Complaint
  *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified
 above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
  Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
  Claim
 Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: GUZMAN-LOPEZ v. THE AMERICAN BOTTLING CO., ET AL | CASE NUMBER 19STCV13050 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Auto Tort** Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: GUZMAN-LOPEZ v. THE AMERICAN BOTTLING CO., ET AL | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: GUZMAN-LOPEZ v. THE AMERICAN BOTTLING CO., ET AL | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 8 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: GUZMAN-LOPEZ v. THE AMERICAN BOTTLING CO., ET AL | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:  ☑ 1. ☐ 2. ☑ 3. ☐ 4. ☑ 5. ☐ 6. ☑ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|
| CITY: | STATE: | ZIP CODE: |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq. and Local Rule 2.3(a)(1)(E)].

Dated: ___04/15/2019___

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**04/16/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Steve Drew _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>19STCV13050 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

|  | ASSIGNED JUDGE | DEPT | ROOM |  | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Maren Nelson | 17 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 04/16/2019
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Steve Drew _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):        FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
       (INSERT DATE)              (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____   ➤   _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR PLAINTIFF)
Date:

_____   ➤   _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)
Date:

_____   ➤   _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)
Date:

_____   ➤   _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)
Date:

_____   ➤   (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)
Date:

_____   ➤   (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)
Date:

_____   ➤   (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY. | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:        FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER. |
|---|---|

1. This document relates to:

   ☐    Request for Informal Discovery Conference
   ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:'**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

---

LACIV 075 (new)
LASC Approved 04/11      **STIPULATION AND ORDER – MOTIONS IN LIMINE**
For Optional Use                                                                              Page 1 of 2

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER



# Superior Court of California, County of Los Angeles

**ALTERNATIVE DISPUTE RESOLUTION (ADR)
INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS must serve this ADR Information Package on any new parties named to the action with the cross-complaint.**

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

## Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control** with the parties: Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**
Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

**a. The Civil Mediation Vendor Resource List**
Parties may contact these organizations to request a Resource List Mediator for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

○ JAMS, Inc. Case Manager (213) 253-9776 mdawson@jamsadr.com
○ Mediation Center of Los Angeles Case Managers (833) 476-9145 info@mediationLA.org

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
*Note: This service is not available for family law, probate or small claims.*

**b. Los Angeles County Dispute Resolution Programs**
https://hr.lacounty.gov/programs/drp/
○ Free day-of-trial mediations at the courthouse for small claims, unlawful detainer (evictions), and at the Stanley Mosk Courthouse, limited civil. No appointment needed.
○ Free or low-cost mediations before the day of trial for these and other case types.
○ ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial. Visit
http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-Eng-Span.pdf

**c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.**

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit  http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: **www.lacourt.org/division/civil/settlement**

Los Angeles Superior Court ADR website: **www.lacourt.org/division/civil/settlement**
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC2

LASC CIV 271 NEW 03/19
For Mandatory Use
California Rules of Court, rule 3.221



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.

CROSS-COMPLAINANTS must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control** with the parties: Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    Mediation may be appropriate when the parties
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    Mediation may not be appropriate when the parties
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**
**Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:**

a. **The Civil Mediation Vendor Resource List**
   Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

   ○ JAMS, Inc.: Case Manager (213) 253-9776 mdawson@jamsadr.com
   ○ Mediation Center of Los Angeles: Case Manager: (833) 476-9145 info@mediationLA.org

   These organizations cannot accept every case and they may decline cases at their discretion.
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE: This service is not available for family law, probate or small claims.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
   ○ Free, day-of-trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
   ○ Free or low-cost mediations before the day of trial for these and other case types.
   ○ For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit
   https://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer1.pdf

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: **www.lacourt.org/division/civil/settlement**


Los Angeles Superior Court ADR website: **www.lacourt.org/division/civil/settlement**
For general information and videos about ADR, visit **http://www.courts.ca.gov/programs-adr.htm**

# EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
04/18/2019
CT Log Number 535324909

TO: Harold Busch, Corporate Counsel
KEURIG DR PEPPER SNAPPLE GROUP
5301 Legacy Dr
Plano, TX 75024-3109

RE: **Process Served in California**

FOR: Keurig Dr Pepper Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JUAN M.GUZMAN-LOPEZ, individually and on behalf of all others similarly situated, PLTF. vs. THE AMERICAN BOTFLING COMPANY, a corporation, ET AL., DFTS. // TO: Keurig Dr Pepper Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint, Certificate, Instructions, Notice, Order, Stipulation |
| **COURT/AGENCY:** | Los Angeles County - Superior Court, CA<br>Case # 19STCV13050 |
| **NATURE OF ACTION:** | Employee Litigation - CLASS ACTION Failure to Pay Minimum Wage |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/18/2019 at 11:03 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 calendar days after this summons and legal papers are served on you |
| **ATTORNEY(S) / SENDER(S):** | VACHE A. THOMASSIAN<br>KJT LAW GROUP LLP<br>230 North Maryland Avenue, Suite 306<br>Glendale, CA 91206<br>818-507-8525 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/19/2019, Expected Purge Date: 04/24/2019<br><br>Image SOP<br><br>Email Notification,  Janet Barrett  janet.barrett@dpsg.com<br><br>Email Notification,  Harold Busch  harold.busch@dpsg.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / SC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Handwritten across top: 4/18   21   Oscar Heave

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE AMERICAN BOTTLING COMPANY, a corporation;
KEURIG-DR. PEPPER, INC., a corporation; and DOES 1-20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JUAN M. GUZMAN-LOPEZ, individually and on behalf of all others
similarly situated,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 16 2019

Sherri R. Carter, Executive Officer/Clerk of Court

By: Steven Drew, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California<br><br>Stanley Mosk Courthouse - Central District<br>111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br>**19STCV13050** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Vache Thomassian, Esq., 230 North Maryland Avenue, Suite 306, Glendale, CA 91206  Ph:818-507-8525

| DATE: **APR 16 2019** *(Fecha)* | Sherri R. Carter, Clerk  Clerk, by *(Secretario)* _____ **STEVEN DREW** , Deputy *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*  Keurig-Dr. Pepper, Inc., a Corporation

   under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**KJT LAW GROUP LLP**
VACHE A. THOMASSIAN  (SBN 289053)
vache@kjtlawgroup.com
CASPAR JIVALAGIAN (SBN 282818)
caspar@kjtlawgroup.com
230 North Maryland Avenue, Suite 306
Glendale, CA 91206
Tel:  818.507.8525

**ADAMS EMPLOYMENT COUNSEL**
CHRISTOPHER A. ADAMS (SBN 266440)
ca@AdamsEmploymentCounsel.com
4740 Calle Carga
Camarillo, CA 93012
Tel:  818.425.1437

Attorneys for Plaintiff Juan M. Guzman-Lopez, on
behalf of himself and all others similarly situated

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 1 8 2019

Sherri R. Carter, Executive Officer/Clerk of Court
By: Steven Drew, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

JUAN M. GUZMAN-LOPEZ,
individually and on behalf of all others
similarly situated,

Plaintiff,

v.

THE AMERICAN BOTTLING
COMPANY, a corporation; KEURIG-
DR. PEPPER, INC., a corporation; and
DOES 1-20, inclusive,

Defendants.

Case No.:  **19STCV13050**

**CLASS ACTION COMPLAINT FOR DAMAGES:**

1. Failure to Pay Minimum Wage;
2. Failure to Pay Overtime Wages;
3. Failure to Provide Meal Periods;
4. Failure to Provide Rest Periods;
5. Failure to Furnish Accurate Wage Statements;
6. Failure to Maintain Required Records;
7. Failure to Pay All Wages Due to Discharged and Quitting Employees;
8. Unfair Business Practices; and
9. Failure to Indemnify Employees for Business Expenditures and Losses

**JURY TRIAL REQUESTED**

1    Plaintiff Juan M. Guzman-Lopez brings this action on behalf of himself, and on behalf of

2    all other similarly-situated members of the public, and alleges the following:

3    **I.      INTRODUCTION**

4         1.    Plaintiff Juan M. Guzman-Lopez ("Plaintiff") brings this class action to remedy wage-

5    and-hour violations by Defendants Keurig-Dr. Pepper, Inc., The American Bottling Company and

6    Does 1 through 20 (collectively, "Defendants").  For at least four years prior to the filing of this

7    Complaint and through the present, Defendants have engaged in a uniform policy and systematic

8    scheme of wage abuse against Plaintiff and other non-exempt employees of Defendants in violation

9    of applicable California laws, including, without limitation, failing to provide meal and rest breaks,

10   and failing to pay minimum and overtime wages.

11   **II.     THE PARTIES**

12        2.    **Defendant The American Bottling Company** is a subsidiary of Keurig-Dr. Pepper,

13   Inc. offering bottling services and is distributor of Dr. Pepper affiliated soft drinks.  At all times

14   mentioned herein, Defendant The American Bottling Company was and is an employer covered

15   by the California Labor Code and the California Industrial Welfare Commission ("IWC") Wage

16   Order.

17        3.    **Defendant Keurig-Dr. Pepper, Inc.,** formerly Dr. Pepper-Snapple Group, Inc., is a

18   nationwide conglomerate and makers of various assortments of soft drinks.  At all times mentioned

19   herein, Defendant Keurig-Dr. Pepper, Inc. was and is an employer covered by the California

20   Labor Code and the California Industrial Welfare Commission ("IWC") Wage Order.

21        4.    Plaintiff is unaware and ignorant of the true names and capacities of defendants sued

22   herein as Does 1 through 20, inclusive, and for that reason sues said defendants by such fictitious

23   names (the "Doe Defendants").

24        5.    At all times herein relevant, Defendants, and each of them, were the agents,

25   partners, joint-venturers, joint employers, alter-egos, representatives, servants, employees,

26   successors-in-interest, co-conspirators and assigns, each of the other, and at times relevant hereto

27   were acting with the course and cope of theirs authority as such agents, partners, joint-venturers,

28

2

CLASS ACTION AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES

1  joint employers, alter-egos, representatives, servants, employees, successors-in-interest, co-

2  conspirators and assigns, and all acts or omissions alleged herein were duly committed with the

3  ratification, knowledge, permission, encouragement, authorization, and consent of each defendant

4  designated herein.  Plaintiff is informed and believes, and based thereon alleges that the acts of

5  each Defendants are legally attributable to the other Defendants.

6      6.    Plaintiff is informed and believes, and based thereon alleges that each of the Doe

7  Defendants is legally responsible for the events and happenings referred to in this Complaint, and

8  unlawfully caused the injuries and damages to Plaintiff and similarly situated employees as alleged

9  in this Complaint. Plaintiff will file and serve an amendment to this Complaint alleging the true

10  names and capacities of the Doe Defendants when such true names, capacities, and involvement is

11  ascertained.

12      7.    Plaintiff Juan M. Guzman-Lopez was jointly employed by Defendants at its facility

13  in Vernon, California as a merchandiser from approximately November 2017 to September 2018.

14  As a merchandiser, Plaintiff would drive to various storefronts throughout Los Angeles County in

15  order to set up promotional signs and stock-up on merchandise under the Keurig-Dr. Pepper

16  banner.  At all times during his employment with Defendants, Plaintiff was a non-exempt

17  employee, paid in whole or in part on an hourly basis.  Plaintiff is an individual residing in the

18  County of Los Angeles, California.

19      8.    Plaintiff brings this class action on behalf of himself and a Class, defined as:  All

20  persons who have been employed by The American Bottling Company and Keurig-Dr. Pepper,

21  Inc. in California as a non-exempt employee at any time during the period beginning four years

22  prior to the filing of this Complaint and ending on the date as determined by the Court (the "Class

23  Period").

24      9.    At all times relevant to this Complaint, Defendants jointly exercised control over the

25  wages, hours, and working conditions of Plaintiff and similarly situated employees; suffered and

26  permitted Plaintiff and similarly situated employees to work; and otherwise engaged Plaintiff and

27  similarly situated employees to work, so as to create an employer-employee relationship between

28

3

1   Defendants and Plaintiff and similarly situated employees. At all relevant times, Defendants were

2   "employers" of Plaintiff within the meaning of all applicable California state laws.

3  **III.   JURISDICTION AND VENUE**

4      10.   This class action is brought pursuant to California Code of Civil Procedure § 382.

5  The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of

6  the Superior Court and will be established according to proof at trial.

7      11.   This Court has jurisdiction over this action under the California Constitution, Article

8  VI, Section 10, which grants the Superior Court original jurisdiction in all causes except those

9  given by statute to other courts. The statutes under which this action is brought do not specifically

10  grant jurisdiction to any other court, and the issues are based solely on California statutes and law,

11  including the California Labor Code, California IWC Wage Orders, California Code of Civil

12  Procedure, California Civil Code, and the California Business and Professions Code.

13      12.   The California Superior Court has jurisdiction over Defendants, because they are

14  citizens of California, have sufficient minimum contacts in California, and otherwise intentionally

15  avail themselves to the California market, including establishing their principal place of business

16  and transacting business in California. Venue is proper in this Court, because Defendants transact

17  business in the County of Los Angeles, including offering their services in the county, and during

18  relevant time periods, Plaintiff was employed by Defendants in the County of Los Angeles.

19  **IV.   FACTUAL BACKGROUND**

20      13.   At all relevant times set forth in this Complaint, Defendants employed Plaintiff and

21  similarly situated employees as hourly, non-exempt employees.

22      14.   Plaintiff and each member of the Class were covered under one or more IWC

23  Wage Orders and/or the California Labor Code provisions relating to wage-and-hour laws, and

24  other applicable wage orders, regulations, and statutes, which imposed an obligation on the part of

25  Defendants, among other things, to provide uninterrupted meal and rest periods, to pay overtime

26  wages, to pay wages for all hours worked, and to provide accurate wage statements.

27      15.   Plaintiff is informed and believes, and based thereon alleges that Defendants are,

28

**4**

1    and at all times relevant hereto were, authorized to conduct business in the state of California, and

2    does conduct business in the state of California.  Specifically, Defendants maintains facilities and

3    conducts business in, and engages in illegal payroll practices or policies in the county of Los

4    Angeles, State of California.

5         16.    Plaintiff is informed and believes, and based thereon alleges that Defendants

6    engaged in a uniform policy and systematic scheme of wage abuse against its non-exempt

7    employees, including, without limitation, depriving their employees of uninterrupted thirty-minute

8    meal periods for work periods of at least five hours; depriving their employees of ten-minute rest

9    periods for work periods of four hours or major fractions; failing to compensate employees for all

10   hours worked, including overtime wages; failing to provide timely, accurate itemized wage

11   statements; and failing to pay, within the time constraints imposed by applicable laws, all earned

12   compensation at separation of employment.

13        17.    Plaintiff is informed and believes, and based thereon alleges that Defendants failed

14   to provide Plaintiff and similarly situated employees the required meal periods or payment of one

15   additional hour of pay at Plaintiff's and the other Class members' regular rate of pay when a meal

16   break was missed during the Class Period.  This was a result of Defendants' uniform policy and

17   practice of altering Plaintiff's and other Class members' time records by recording fictitious 30-

18   minute meal breaks in Defendants' timekeeping system so as to create the appearance that

19   Defendants provided Plaintiff and similarly situated employees 30-minute meal breaks when in fact

20   Plaintiff and similarly situated employees were not at all times provided 30-minute meal breaks.

21   As a result of Defendants' demanding deadlines, Plaintiff and similarly situated employees were

22   required to perform work as ordered by Defendants for more than five hours during a shift

23   without receiving a duty-free, uninterrupted meal break and/or more than ten hours in a shift

24   without receiving a second meal break.  Defendants had no policy, procedure, or practice for

25   Plaintiff and similarly situated employees to report missed meal periods or recover lost wages, and

26   Defendants had no policy, procedure, or practice to provide one hour of additional wages for each

27   workday that the meal breaks were not provided.

28

1    18.    Plaintiff is informed and believes, and based thereon alleges that Defendants failed

2    to provide Plaintiff and similarly situated employees rest periods of at least ten minutes per four

3    hours worked, or major fraction thereof, and failed to pay Plaintiff and similarly situated

4    employees one hour of additional wages at Plaintiff's and other Class members' regular rate of pay

5    when a rest break was not provided during the Class Period.  Defendants had no policy,

6    procedure, or practice for Plaintiff and similarly situated employees to report missed rest breaks or

7    recover lost wages, and Defendants had no policy, procedure, or practice to provide one hour of

8    additional wages for each workday that the rest break was not provided.

9    19.    Plaintiff is informed and believes, and based thereon alleges that Defendants failed

10   to provide Plaintiff and similarly situated employees' wages, including overtime wages, for all hours

11   worked, meaning the time during which Plaintiff and similarly situated employees were subject to

12   the control of Defendants, including all the time they were suffered or permitted to work.  This

13   was a result of Defendants' uniform policy and practice of requiring Plaintiff and similarly situated

14   employees to work off-the-clock without paying them for all the time they were under Defendants'

15   control performing pre-shift and post-shift duties and during purported meal breaks.  Plaintiff and

16   similarly situated employees were entitled to receive compensation for all hours worked, and that

17   they did not receive compensation for all hours worked.  Plaintiff and similarly situated employees

18   worked over eight hours in a day, and/or forty hours in a week during their employment with

19   Defendants and Defendants failed to pay overtime wages to Plaintiff and similarly situated

20   employees for all hours worked more than eight hours in a day and/or forty hours per week.

21   20.    Plaintiff is informed and believes, and based thereon alleges that Defendants had

22   unlawfully failed to provide timely, accurate, itemized wage statements to Plaintiff and similarly

23   situated employees.

24   21.    Plaintiff is informed and believes, and based thereon alleges that Defendants have

25   failed to pay Plaintiff and similarly situated employees California's prevailing minimum wage for

26   "all hours worked".  Plaintiff and similarly situated employees were subject to Defendants'

27   excessive expectation that its employees complete their assigned routes within predetermined

28

6

1    timeframe at all cost. As a result of Defendants' demands, Plaintiff and similarly situated

2    employees had their 30 minute meal breaks deducted so as to appear as if they took their duty-

3    free, uninterrupted meal breaks. Such deducted time expended by Plaintiff and similarly situated

4    employees qualified as "hours worked" within the meaning of the California Labor Code and

5    IWC Wage Order 1-2001, for which Defendants failed to compensate Plaintiff and similarly

6    situated employees.

7      22.    As a direct result and proximate result of the unlawful actions of Defendants,

8    Plaintiff and other Class members have suffered, and continue to suffer, from loss of earnings in

9    amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

10    **V.**    **CLASS ALLEGATIONS**

11      23.    **Class Definition.** The named individual Plaintiff brings this action on his own behalf

12    and on behalf of all similarly-situated persons as a class action under California Code of Civil

13    Procedure § 382. Plaintiff proposes the following class ("Class"):

14
15
16
> All persons who have been employed by Keurig-Dr. Pepper, Inc.
> and The American Bottling Company in California as a non-exempt
> employee at any time during the period beginning four years prior
> to the filing of this Complaint and ending on the date as determined
> by the Court (the "Class Period").

17      24.    Plaintiff reserves the right to amend or modify the class description with greater

18    particularity or further division into subclasses.

19      25.    **Ascertainable Class.** The proposed Class is ascertainable, because the members can

20    be identified and located using information contained in Defendants' payroll and personnel

21    records.

22      26.    **Numerosity.** The members of the Class are so numerous that joinder of all

23    members would be impractical and unfeasible. While the precise number of Class members is

24    currently unknown to Plaintiff, Plaintiff is informed and believes that the Class is estimated to be

25    greater than 50 individuals.

26      27.    **Typicality.** Plaintiff's claims are typical of the Class as Plaintiff and members of the

27    Class were all subjected by Defendants to the same violations of the Labor Code, the applicable

28

7

1    IWC Wage Order, and the Business and Professions Code.

2        28.    **Adequacy of Representation.** The named Plaintiff is fully prepared to take all

3    necessary steps to represent fairly and adequately the interests of the Class, and has retained

4    counsel who is experienced in class action and wage-and-hour litigation of this nature. Plaintiff

5    does not have any interests adverse to the interests of the Class members and will fairly and

6    adequately protect the interests of all Class members.

7        29.    **Superiority.** A class action is superior to other available means for the fair and

8    efficient adjudication of this controversy. The potential class is a significant number. Individual

9    joinder of all former and current employees is not practicable.

10       30.    **Common Question of Law and Fact.** There are questions of law and fact common

11   to the potential Class that predominate over any questions affecting only individual members of the

12   Class which focuses on Defendants' illegal practices and policies which were applied to all non-

13   exempt employees in violation of the Labor Code, applicable IWC Wage Order, and the Business

14   and Professions Code which prohibits unfair business practices arising from such violations.

15   These common questions of law and fact, include, without limitation:

16       a.   Whether Defendants' policies and practices provide meal and rest periods in

17            compliance with applicable laws;

18       b.   Whether Defendants deprived Plaintiff and similarly situated employees of

19            meal or rest periods;

20       c.   Whether Defendants failed to provide Plaintiff and similarly situated employees

21            adequate off-duty meal periods and missed meal period compensation;

22       d.   Whether Defendants have engaged in a pattern and/or practice of failing to

23            properly compensate the Plaintiff and similarly situated employees for all hours

24            worked, including overtime wages;

25       e.   Whether Defendants have engaged in a pattern and/or practice of encouraging

26            Plaintiff and similarly situated employees not to report all time worked;

27       f.   Whether Defendants failed to pay Plaintiff and similarly situated employees for

28            the work that Defendants required them to perform;

·8·

g.  Whether Defendants have engaged in a pattern and/or practice of threatening Plaintiff and similarly situated employees with discharge, demotion, or discrimination or otherwise intimidating them if they do not work off-the-clock;

h.  Whether Defendants failed to pay Plaintiff and similarly situated employees overtime compensation when Plaintiff and similarly situated employees worked in excess of eight hours in a day or forty in a workweek;

i.  Whether Defendants failed to pay Plaintiff and similarly situated employees overtime compensation at double their regular rate of pay when Plaintiff and similarly situated employees worked in excess of twelve hours in a day or in excess of eight on the seventh consecutive day of work in a workweek;

j.  Whether Defendants included all required compensation in calculating the overtime rate of Plaintiff and similarly situated employees;

k.  Whether Defendants failed to provide Plaintiff and similarly situated employees with accurate itemized wage statements;

l.  Whether Defendants failed to reimburse for business expenditures and losses;

m.  Whether Defendants acted with malice, oppression, or fraud;

n.  Whether Defendants violated California Labor Code §§ 201-204, 226.7, 227.3, 210, 510, 512, 551, 552, 1118.12, 1194 *et seq.*, 1197, and 1198;

o.  Whether Defendants violated Industrial Welfare Commission Orders;

p.  Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code §§ 17200, *et seq.*; and

q.  The nature and extent of the injury suffered by Plaintiff and similarly situated employees and the measure of damages for the injury.

31.  The nature of this action and the format of laws available to Plaintiff and members of the Class make the class action format a particularly efficient and an appropriate procedure to redress the wrongs alleged herein.  If each member of the Class were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior

9

1   financial and legal resources.  Requiring each Class member to pursue an individual remedy would

2   also discourage the assertion of lawful claims by employees who would be disinclined to file an

3   action against their former or current employer for real and justifiable fear of retaliation and

4   permanent damage to their careers at subsequent employment.

5       32.     Plaintiff is unaware of any difficulties in managing this case that should preclude class

6   action.

7   **VI.   CAUSES OF ACTION**

8                              **FIRST CAUSE OF ACTION**
                              Failure to Pay Minimum Wage
9    (Cal. Labor Code §§ 204, 1194 *et seq.*, 1197, 1197.1, 1198, IWC Wage Order No. 1-2001, § 4)
                          (By Plaintiff and the Class Against Each Defendant)
10

11      33.     Plaintiff incorporates by reference and re-alleges paragraphs set forth above as

12  though set forth fully herein. Plaintiff alleges as follows as a class action and a representative cause

13  of action on behalf of himself and all Class members.

14      34.     California Labor Code § 204, IWC Wage Order 1-2001, § 4, and other applicable

15  laws and regulations, provide that an employer must timely pay its employees for all hours worked.

16      35.     California Labor Code § 1197 further provides, "The minimum wage for employees

17  fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to

18  employees, and the payment of a lower wage than the minimum so fixed is unlawful."

19      36.     California Labor Code § 1194 establishes an employee's right to recover unpaid

20  wages, including interest, and the cost of suit.  California Labor Code § 1198 further provides that

21  the employment of an employee for longer than those fixed by the IWC Wage Orders is unlawful.

22      37.     Defendants failed to, and continue to fail to pay Plaintiff and Class members

23  minimum wages for all hours worked by, among other things: requiring, suffering, or permitting

24  Plaintiff and Class members to work off-the-clock; requiring, suffering or permitting Plaintiff and

25  Class members to work through meal breaks; illegally and inaccurately recording time worked by

26  Plaintiff and Class members; failing to properly maintain Plaintiff's and Class members' records;

27  failing to provide itemized wage statements to Plaintiff and Class members for each pay period;

28  and other methods to be discovered.

                                          10

38.     Defendants knew or should have known that Plaintiff and Class members worked hours for which they were not compensated.

39.     Defendants' conduct described herein violates, and continues to violate, California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 1-2001, §4. As a proximate result of the aforementioned violations, Plaintiff and Class members have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, and 1197.1 and other applicable provisions under the Labor Code and IWC Wage Order No. 1-2001, Plaintiff and Class members are entitled to recover the unpaid balance of wages owed to them by Defendants, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## SECOND CAUSE OF ACTION
### Failure to Pay Overtime Wages
(Cal. Labor Code §§ 510, 204, 1194 et seq., 1197.1, 1198, IWC Wage Order No. 1-2001, § 3)
(By Plaintiff and the Class Against Each Defendant)

40.     Plaintiff incorporates by reference and re-alleges paragraphs set forth above as though set forth fully herein. Plaintiff alleges as follows as a class action and a representative cause of action on behalf of himself and all Class members.

41.     California Labor Code § 204, IWC Wage Order No. 1-2001, § 3, and other applicable laws and regulations, provide that an employer must timely pay its employees for all hours worked.

42.     California Labor Code § 510 provides that employees in California shall not be employed more than eight hours per workday or forty hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

43.     California Labor Code § 510 further provides that employees in California shall not be employed more than twelve hours per workday unless they receive wages at double their regular rate of pay.

44.     California Labor Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest, and the cost of suit. California Labor Code § 1198 further provides that the employment of an employee for longer than those fixed by the IWC Wage Orders is unlawful.

11

45.     Plaintiff and Class members are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194, and IWC Wage Order No. 1-2001.

46.     Defendants maintained and enforced policies and practices of refusing to pay Plaintiff and Class members for all hours worked.  Defendants employed Plaintiff and Class members for more than eight hours per day and more than 40 hours per workweek during the operative timeframe, but Defendants failed to pay Plaintiff and Class members the correct applicable overtime rate for the number of overtime hours they worked as required by the California Labor Code and the applicable IWC Wage Order.

47.     Defendants thus required Plaintiff and Class members to work under conditions prohibited by order of the IWC, in violation of those orders.

48.     Defendants owe Plaintiff and Class members overtime wages, have failed and refused, and continues to fail and refuse, to pay the overtime wages owed.  Additionally, Defendants did not include all the required compensation in calculating the overtime rate of Plaintiff and similarly situated employees.

49.     Defendants' conduct described herein violates, and continues to violate, California Labor Code §§ 510, 1194 and 1198 and IWC Wage Order No. 1-2001, § 3.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, and 1197.1 and other applicable provisions under the Labor Code and IWC Wage Order No. 1-2001, Plaintiff and Class members are entitled to recover the unpaid balance of wages owed to them by Defendants, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

### THIRD CAUSE OF ACTION
**Failure to Provide Meal Periods**
(Cal. Labor Code §§ 226.7, 512, IWC Wage Order No. 1-2001, § 11)
(By Plaintiff and the Class Against Each Defendant)

50.     Plaintiff incorporates by reference and re-alleges paragraphs set forth above as though set forth fully herein. Plaintiff alleges as follows as a class action and a representative cause of action on behalf of himself and all Class members.

51.     Plaintiff and Class members regularly worked greater than five hours and on occasion greater than ten hours per day.  Pursuant to California Labor Code § 512, an employer

12

1    may not employ someone for a shift of more than five hours without providing him or her with a

2    meal period of not less than thirty minutes or for more than ten hours without providing him or

3    her with a second meal period of not less than thirty minutes.

4        52.    Despite the requirements of the applicable IWC Wage Order and California Labor

5    Code §§ 512 and 226.7, Defendants required, permitted or otherwise suffered Plaintiff and Class

6    members to take less than the 30 minute meal period, or to work through them, and have failed to

7    otherwise provide the required meal periods to Plaintiff and Class members.

8        53.    During the Class Period, Plaintiff and Class members were required to work

9    through or cut short their meal breaks due to Defendants' requirement that Plaintiff and Class

10    members complete their assignments within predetermined amount of time, without taking into

11    consideration such factors as travel time, and need to stop for meal breaks. Defendants failed to

12    factor in such impediments, or enact protocols that would have allowed Plaintiff and Class

13    members to report missed, delayed, or interrupted meal breaks.

14        54.    Pursuant to California Labor Code § 226.7, Plaintiff and Class members have

15    sustained economic damages, including, but not limited to, unpaid wages and lost interest, in an

16    amount according to proof at trial, and are entitled to recover one-hour of premium pay for each

17    day in which a lawful meal period was not provided. Plaintiff and Class members are further

18    entitled to attorneys' fees pursuant to Code of Civil Procedure § 1021.5, and pursuant to Labor

19    Code section 2699(g)(1), Plaintiff and Class members are entitled to an award of reasonable

20    attorneys' fees and costs relating to their claims for civil penalties due to Defendants' violation of

21    the California Labor Code and IWC Wage Order No. 1-2001.

22                        **FOURTH CAUSE OF ACTION**

23                        **Failure to Provide Rest Periods**
                  (Cal. Labor Code § 226.7, 512; IWC Wage Order No. 1-2001, § 12)

24                   (By Plaintiff and the Class Against Each Defendant)

25        55.    Plaintiff incorporates by reference and re-alleges paragraphs set forth above as

26    though set forth fully herein. Plaintiff alleges as follows as a class action and a representative cause

27    of action on behalf of himself and all Class members.

28                                    13

56.     Pursuant to IWC Wage Order No. 1-2001, § 12 (A) , "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. . . . [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof. . . .  Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages." California Labor Code § 226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.  Under these laws, Defendant was required to authorize and permit Plaintiff and Class members to take rest periods, based upon the total hours worked at a rate of ten minutes' net rest per four hours, or major fraction thereof, with no deduction from wages.

57.     During the Covered Period, Defendant provided Plaintiff and Class members with policies that did not permit first or second rest breaks for shifts between six and eight hours or third rest breaks for shifts over ten hours.

58.     Defendants violated, and continue to violate California Labor Code § 226.7 and IWC Wage Order No. 1-2001, § 12 by failing to pay Plaintiff and Class members who were not provided with a rest break, in accordance with the applicable wage order, one additional hour of compensation at each employees' regular rate of pay for each workday that a rest period was not provided.

59.     Pursuant to Labor Code § 226.7, Plaintiff and Class members have sustained economic damages, including, but not limited to, unpaid wages and lost interest, in an amount according to proof at trial, and are entitled to recover one-hour of premium pay for each day in which a lawful meal period was not provided. Plaintiff and Class members are further entitled to attorneys' fees pursuant to Code of Civil Procedure § 1021.5, and pursuant to Labor Code section 2699(g)(1), Plaintiff and Class members are entitled to an award of reasonable attorneys' fees and costs relating to their claims for civil penalties due to Defendants' violation of the California Labor Code and IWC Wage Order No. 1-2001.

14

## FIFTH CAUSE OF ACTION
### Failure to Furnish Accurate Itemized Wage Statements
(Cal. Labor Code §§ 226 & 226.3, IWC Wage Order No. 1-2001, § 7)
(By Plaintiff and the Class Against Each Defendant)

60.    Plaintiff incorporates by reference and re-alleges paragraphs set forth above as though set forth fully herein. Plaintiff alleges as follows as a class action and a representative cause of action on behalf of himself and all Class members.

61.    California Labor Code § 226(a) and IWC Wage Order 1-2001, § 7(B) require employers semimonthly or at the time of each payment of wages to furnish each employee with a statement itemizing, among other things, all applicable hourly rates.  Labor Code § 226(b) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, all applicable hourly rates, then the employee is entitled to recover the greater of all actual damages or fifty dollars for the initial violation and one hundred dollars for each subsequent violation, up to four thousand dollars.

62.    Defendants knowingly and intentionally failed to furnish Plaintiff and Class members with timely, itemized statements as required by California Labor Code § 226(a) and IWC Wage Order 1-2001, § 7(B).  As a result, Defendants are liable to Plaintiff and to the Class for the amounts provided by Labor Code § 226(b) and for penalties, and attorneys' fees.

63.    During the Class Period, Plaintiff and Class members suffered, and continue to suffer, injury as a result of Defendants' failure to provide timely and accurate itemized wage statements, as Plaintiff and Class members could not promptly and easily determine from the wage statement alone one or more of the following: the gross wages earned, the total hours worked, all deductions made, the net wages earned, the name and address of the legal entity or entities employing Plaintiff and Class members, and/or all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

64.    As a direct and proximate result of Defendants' unlawful actions and omissions, Plaintiff and Class members have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon.  Additionally, Plaintiff and Class members are entitled to all available statutory and civil penalties, including but not limited to statutory and civil

15

1   penalties pursuant to California Labor Code § 226(e) and 1174.5, and an award of costs, expenses,

2   and reasonable attorneys' fees, including but not limited to those provided in California Labor

3   Code § 226(e), as well as other available remedies.

### SIXTH CAUSE OF ACTION
Failure to Maintain Required Records
(Cal. Labor Code §§ 226, 1174, IWC Wage Order No. 1-2001, § 7)
(By Plaintiff and the Class Against Each Defendant)

65.     Plaintiff incorporates by reference and re-alleges the paragraphs set forth above as though set forth fully herein.  Plaintiff alleges as follows as a class action and a representative cause of action on behalf of himself and all Class members.

66.     As part of Defendants' illegal policies and practices to deprive Plaintiff of all wages earned and due, Defendants knowingly and intentionally failed to maintain records as required under California Labor Code §§ 226 and 1174 and IWC Wage Order 1-2001, § 7, including but not limited to the following records, total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized statements.

67.     As a proximate result of Defendants' unlawful actions and omissions, Plaintiff has been damaged in an amount according to proof at trial, and is entitled to all wages earned and due, plus interest thereon.

68.     Additionally, Plaintiff is entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(2) and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other remedies available.

### SEVENTH CAUSE OF ACTION
Failure to Pay All Wages Due to Discharged and Quitting Employees
(Cal. Labor Code §§ 201,202, 203)
(By Plaintiff and the Class Against Each Defendant)

69.     Plaintiff incorporates by reference and re-alleges the paragraphs set forth above as though set forth fully herein.  Plaintiff alleges as follows as a class action and a representative cause of action on behalf of himself and all Class members.

16

70.     Pursuant to California Labor Code § 201, 202, and 203, Defendants are required to pay all earned and unpaid wages to discharged and quitting employees.

71.     California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

72.     Pursuant to California Labor Code § 202, Defendants are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

73.     California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

74.     During the Class Period, Defendants have willfully failed, and continue to willfully fail, to pay accrued wages and other compensation to Plaintiff and Class members in accordance with California Labor Code §§ 201 and 202.

75.     As a result, Plaintiff and Class Members are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

### EIGHTH CAUSE OF ACTION
#### Unfair and Unlawful Business Practices
(Cal. Business and Professions Code § 17200, *et seq.*)
(By Plaintiff and the Class Against Each Defendant)

76.     Plaintiff incorporates by reference and re-alleges paragraphs set forth above as though set forth fully herein. Plaintiff alleges as follows as representative cause of action on behalf of himself and all Class members.

77.     A violation of California Business and Professions Code §§ 17200, *et seq.*, may be predicated on the violation of any state or federal law.  Defendants' policies, activities, and actions

17

1   as alleged herein, are violations of California law and constitute unlawful business acts and

2   practices in violation of California Business and Professions Code §§ 17200, *et seq.* Defendants

3   have engaged and continues to engage in unfair and unlawful business practices in California by

4   practicing, employing, and utilizing the employment practices outlined above, including failing to

5   pay reporting time pay, and failing to provide meal and rest breaks in violation of the applicable

6   IWC Wage Order and California Labor Code.

7   78.   Defendants' violations of California wage and hour laws constitute a business

8   practice because Defendants' aforementioned acts and omissions were done repeatedly over a

9   significant period of time, and in a systematic manner, to the detriment of Plaintiff and Class

10  members.

11  79.   Defendants have avoided payment of wages, overtime wages, meal and rest break

12  premium payments, and other benefits as required by the California Labor Code, the California

13  Code of Regulations, and IWC Wage Order No. 1-2001. Furthermore, Defendants have failed to

14  record, report, and pay the correct sums of assessment to the state authorities under the California

15  Labor Code and other applicable regulations.

16  80.   Defendants' unfair and unlawful business practices, as alleged in this Complaint,

17  have allowed Defendant to reap in unfair and illegal profits during the Class Period at the expense

18  of Plaintiff, Class members, and members of the public. Defendants should be made to disgorge

19  their ill-gotten gains and restore them to Plaintiff and Class members. Plaintiff seeks to enforce

20  important rights affecting the public interest within the meaning of the California Code of Civil

21  Procedure § 1021.5

22  81.   Pursuant to California Business and Professions Code §§ 17200, *et seq.*, Plaintiff

23  and Class members are entitled to restitution of the wages withheld and retained by Defendants

24  during the Class Period; an award of attorneys' fees pursuant to California Labor Code § 1194;

25  and California Code of Civil Procedure § 1021.5; interest; and an award of costs.

### NINTH CAUSE OF ACTION
Failure to Indemnify Employees for Necessary Expenditures Incurred In Charge of Duties
(Cal. Labor Code §§ 221, 450, 1198, 2802, 1194.5; IWC Wage Order No. 1-2001, § 9)
(By Plaintiff Against Each Defendant)

18

82.     Plaintiff incorporates by reference and re-alleges paragraphs set forth above as though set forth fully herein. Plaintiff alleges as follows on behalf of himself and all Class members.

83.     California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by an employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer. California Labor Code § 221 makes it unlawful for employers to collect or receive from an employee any part of wages paid.  California Labor Code § 450 makes it unlawful for an employer to compel or coerce employees to purchase anything of value from the employer.

84.     Defendants have knowingly and willfully failed and continue to fail to indemnify Plaintiff for all business expenses and/or losses incurred in direct consequence of the discharge of Plaintiff's duties while working under the direction of Defendants, including but not limited to, by failing to reimburse employees for use of their personal mobile phone for work purposes.  Plaintiff and other Class members were required to use their personal mobile phones for the purpose of communicating with management, and for the purpose of using GPS to help find their assigned work locations.  Defendants have failed and continue to fail to reimburse Plaintiff for the time spent and the reasonable expenses incurred in utilizing their personal mobile phones in violation of California Labor Code § 2802 and IWC Wage Order No. 1-2001, § 9.

85.     By requiring Plaintiff to pay for work-related expenses without reimbursement, Defendants, pursuant to its policy and practice, willfully violated and continue to violate California Labor Code §§ 221, 450, and 2802.

86.     As a proximate result of Defendants' unlawful actions and omissions, Plaintiff has been damaged in an amount according to proof at trial, and seeks reimbursement of all necessary expenditures, coerced payments, and unlawful deductions, plus interest thereon pursuant to California Labor Code §§ 221, 450, and 2802(b).  Additionally, Plaintiff is entitled to all available statutory penalties and award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.  Pursuant to California Labor Code § 1194.5, Plaintiff is also entitled to preliminary and permanent injunctive

19

1   relief against further violations of the laws and wage orders alleged herein.

2   **VII.   PRAYER FOR RELIEF**

3       Wherefore, Plaintiff, individually and on behalf of all other members of the Class, and on

4   behalf of aggrieved employees, pray for an award and judgment against Defendants jointly as

5   follows:

6       1.     For compensatory damages in an amount to be ascertained at trial;

7       2.     For restitution of all monies due to Plaintiff and Class members, as well as

8   disgorged profits from defendants' unfair and unlawful business practices;

9       3.     For punitive damages on applicable causes of action;

10      4.     For declaratory relief;

11      5.     For statutory and civil penalties according to proof, including but not limited to all

12  penalties authorized by the California Labor Code § 226(e);

13      6.     For preliminary and permanent injunctive relief enjoining Defendants from

14  violating the relevant provisions of the California Labor Code and IWC Wage Order No. 1-2001

15  and from engaging in the unlawful business practices complained of herein;

16      7.     For an award of interest, including prejudgment interest, at the legal rate;

17      8.     For an award of reasonable attorneys' fees and costs on the applicable causes of

18  action pursuant to California Labor Code §§ 1194 and 2802, California Civil Code 1021.5, and

19  any other applicable provisions providing for attorneys' fees and costs;

20      9.     For costs of suit incurred;

21      10.    For an order appointing Plaintiff as class representative and Plaintiff's counsel as

22  class counsel; and

23      11.    For such other and further relief as the Court may deem just and appropriate.

24

25                    **DEMAND FOR JURY TRIAL**

26      Plaintiff hereby demands a jury trial in this matter on all matters triable to a jury.

27

28

CLASS ACTION AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES

1

2          **KJT LAW GROUP, LLP**
           Vache A. Thomassian, Esq.
3          Caspar Jivalagian, Esq.

4          **ADAMS EMPLOYMENT COUNSEL**
           Christopher A. Adams, Esq.
5

6

7    Dated: April 5, 2019          By: _____
                                        Attorneys for Plaintiff,
8                                       Juan M. Guzman-Lopez

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    21
                    CLASS ACTION AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Vache A. Thomassian SBN 289053; Caspar Jivalagian SBN 282818<br>KJT Law Group, LLP<br>230 North Maryland Avenue, Suite 306<br>Glendale, CA 91206<br>TELEPHONE NO.: 818-507-8525      FAX NO.: 818-507-8588<br>ATTORNEY FOR *(Name):* Plaintiff Juan M. Guzman-Lopez | **FOR COURT USE ONLY**<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>APR 16 2019<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br>By: Steven Drew, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

**CASE NAME:**
Juan M. Guzman-Lopez v. The American Bottling Co., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **19STCV13050**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [✓] Large number of separately represented parties
b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [✓] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
**4.** Number of causes of action *(specify):* 9
**5.** This case [✓] is [ ] is not a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 04/15/2019
Vache Thomassian
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: GUZMAN-LOPEZ v. THE AMERICAN BOTTLING CO., ET AL | CASE NUMBER **19STCV13050** |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: GUZMAN-LOPEZ v. THE AMERICAN BOTTLING CO., ET AL | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: GUZMAN-LOPEZ v. THE AMERICAN BOTTLING CO., ET AL | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 8 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: GUZMAN-LOPEZ v. THE AMERICAN BOTTLING CO., ET AL | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☑ 1. ☐ 2. ☑ 3. ☐ 4. ☑ 5. ☐ 6. ☑ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|
| CITY: | STATE: | ZIP CODE: |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq. and Local Rule 2.3(a)(1)(E)].

Dated: ___04/15/2019___

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Spring Street Courthouse 312 North Spring Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles 04/16/2019 Sherri R. Carter, Executive Officer / Clerk of Court By: _____ Steve Drew _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT** **UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER: 19STCV13050 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Maren Nelson | 17 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

Sherri R. Carter, Executive Officer / Clerk of Court

on 04/16/2019
(Date)

By Steve Drew _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Case 2:19-cv-04358-R-GJS Document 1-1 Filed 05/20/19 Page 81 of 107 Page ID #:108

| SHORT TITLE: | CASE NUMBER. |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
       (INSERT DATE)                            (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____    ➢  _____
  (TYPE OR PRINT NAME)               (ATTORNEY FOR PLAINTIFF)
Date:

_____    ➢  _____
  (TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)
Date:

_____    ➢  _____
  (TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)
Date:

_____        · (ATTORNEY FOR DEFENDANT)
  (TYPE OR PRINT NAME)
Date:

_____    ➢  (ATTORNEY FOR _____)
  (TYPE OR PRINT NAME)
Date:

_____    ➢  (ATTORNEY FOR _____)
  (TYPE OR PRINT NAME)
Date:

_____    ➢  (ATTORNEY FOR _____)
  (TYPE OR PRINT NAME)

LACIV 229 (Rev 02/15)
LASC Approved 04/11    **STIPULATION – EARLY ORGANIZATIONAL MEETING**    Page 2 of 2

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| COURTHOUSE ADDRESS: | |
| PLAINTIFF: | |
| DEFENDANT: | |

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii.  Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i.   Also be filed on the approved form (copy attached);

      ii.  Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

iii.    Be filed within two (2) court days of receipt of the Request; and

iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use
    **STIPULATION – DISCOVERY RESOLUTION**
    Page 2 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____  
(TYPE OR PRINT NAME)

➢ _____  
(ATTORNEY FOR PLAINTIFF)

Date:

_____  
(TYPE OR PRINT NAME)

➢ _____  
(ATTORNEY FOR DEFENDANT)

Date:

_____  
(TYPE OR PRINT NAME)

➢ _____  
(ATTORNEY FOR DEFENDANT)

Date:

_____  
(TYPE OR PRINT NAME)

➢ _____  
(ATTORNEY FOR DEFENDANT)

Date:

_____  
(TYPE OR PRINT NAME)

(ATTORNEY FOR _____ )

Date:

_____  
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____ )

Date:

_____  
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY. | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER. |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                      FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER |
|---|---|
|  |  |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control** with the parties: Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

Los Angeles Superior Court ADR website: www.lacourt.org/division/civil/settlement
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS must serve this ADR Information Package on any new parties named to the action with the cross-complaint.**

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control** with the parties: Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**
Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

○ JAMS, Inc.: Case Manager (213) 253-9776 mdawson@jamsadr.com
○ Mediation Center of Los Angeles: Case Manager: (833) 476-9145 info@mediationLA.org

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.ResList for important information and FAQs before contacting them.
NOTE: This service is not available for family law, probate or small claims.

b. **Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/
○ Free, day- of- trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
○ Free or low-cost mediations before the day of trial for these and other case types.
○ For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit https://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer4.19dcad.pdf

c. Mediators and ADR and Bar organizations that provide mediation may be found on the Internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: **www.lacourt.org/division/civil/settlement**

Los Angeles Superior Court ADR website:  **www.lacourt.org/division/civil/settlement**
For general information and videos about ADR, visit **http://www.courts.ca.gov/programs-adr.htm**

# EXHIBIT C

COPY

1   SEYFARTH SHAW LLP
    Daniel C. Whang (SBN 223451)
2   dwhang@seyfarth.com
    Jennifer R. Nunez (SBN 291422)
3   jnunez@seyfarth.com
    2029 Century Park East, Suite 3500
4   Los Angeles, California 90067-3021
    Telephone:    (310) 277-7200
5   Facsimile:    (310) 201-5219

6   Attorneys for Defendants
    THE AMERICAN BOTTLING COMPANY and KEURIG
7   DR PEPPER INC.

8

9

10                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                          COUNTY OF LOS ANGELES

12                                              **BY FAX**

13  JUAN M. GUZMAN-LOPEZ, individually, and      Case No. 19STCV13050
    on behalf of all others similarly situated,
14                                               **CLASS ACTION**
                    Plaintiff,
15                                               **ANSWER BY DEFENDANTS THE**
         v.                                      **AMERICAN BOTTLING COMPANY AND**
16                                               **KEURIG DR PEPPER INC. TO**
    THE AMERICAN BOTTLING COMPANY, a             **PLAINTIFF'S UNVERIFIED CLASS**
17  corporation; KEURIG DR PEPPER, INC., a       **ACTION COMPLAINT**
    corporation; and DOES 1-20, inclusive,
18                                               Date Action Filed:   April 16, 2019
                    Defendants.                  Trial:               None Set
19

20

21

22

23

24

25

26

27

28

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 15 2019

Sherri R. Carter, Executive Officer/Clerk of Court

By: Isaac Lovo, Deputy

---

DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT

56895792v.2

1    Defendants THE AMERICAN BOTTLING COMPANY ("TABC") and KEURIG DR PEPPER

2  INC. ("KDP") (collectively, "Defendants") hereby answer the unverified Class Action Complaint filed

3  by Plaintiff Juan M. Guzman-Lopez ("Plaintiff"), as set forth below:

### GENERAL DENIAL

5    Pursuant to the provisions of California Code of Civil Procedure § 431.30, Defendants deny,

6  generally and specifically, each and every allegation, statement, matter and each purported cause of

7  action contained in Plaintiff's unverified Class Action Complaint, and without limiting the generality of

8  the foregoing, deny that Plaintiff and the putative class members have been damaged in the manner or

9  sums alleged, or in any way at all, by reason of any acts or omissions of Defendants. Defendants further

10  deny, generally and specifically, that Plaintiff and the putative class members suffered any loss of

11  wages, overtime, penalties, compensation, benefits or restitution, or any other legal or equitable relief

12  within the jurisdiction of this Court.

### ADDITIONAL DEFENSES

14    In further answer to the Class Action Complaint, Defendants allege the following additional

15  defenses. In asserting these defenses, Defendants do not assume the burden of proof as to matters that,

16  pursuant to law, are Plaintiff's burden to prove.

### FIRST DEFENSE

#### (Failure to State a Cause of Action or Claim for Relief – All Causes of Action)

19    1.    Neither the Class Action Complaint as a whole, nor any purported cause of action alleged

20  therein, states facts sufficient to constitute a cause of action or claim for relief against Defendants.

### SECOND DEFENSE

#### (No Employment Relationship – All Causes of Action)

23    2.    The Class Action Complaint and each purported cause of action fails as to KDP because

24  no employment relationship ever existed between KDP and Plaintiff and/or the putative class members.

### THIRD DEFENSE

#### (Statute of Limitations – All Causes of Action)

27    3.    The alleged claims are barred, in whole or in part, by the applicable statutes of

28  limitations, including but not limited to, California Labor Code §§ 201, 202, 203, 221, 224, 226, 226.7,

1

56895792v.2

1  510, 512, 1194, 1197, 1198, 2802; California Code of Civil Procedure §§ 312, 338(a), 340, 343, and

2  California Business and Professions Code § 17200 *et seq.*

### FOURTH DEFENSE

### (Laches – All Causes of Action)

4.  The alleged claims are barred, in whole or in part, by the doctrine of laches because Plaintiff unreasonably delayed in filing the Class Action Complaint.

### FIFTH DEFENSE

### (Waiver – All Causes of Action)

5.  The alleged claims are barred, in whole or in part, by the doctrine of waiver. Plaintiff and the putative class members have waived their right to assert the purported claims contained in the Class Action Complaint and each purported cause of action therein against Defendants. Plaintiff and the putative class members, by their own conduct and actions, have waived the right, if any, to assert the claims in the Class Action Complaint.

### SIXTH DEFENSE

### (Estoppel – All Causes of Action)

6.  Because of Plaintiff's and/or the putative class members' own acts or omissions, Plaintiff and the putative class members are barred by the equitable doctrine of estoppel from maintaining this action or pursuing any cause of action alleged in the Class Action Complaint against Defendants.

### SEVENTH DEFENSE

### (No Equitable Tolling – All Causes of Action)

7.  To the extent that Plaintiff and the putative class members seek to pursue claims beyond the applicable statute of limitations, the alleged claims are not entitled to equitable tolling.

### EIGHTH DEFENSE

### (Reasonable, Good Faith Belief in Actions Taken – All Causes of Action)

8.  The Class Action Complaint, and each alleged cause of action, are barred by the fact that any decisions made by Defendants with respect to Plaintiff's and/or the putative class members' employment were reasonably based on the facts as Defendants understood them in good faith. To the extent a court holds that Plaintiff and the putative class members are entitled to damages or penalties,

2

56895792v.2

1  which are specifically denied, Defendants acted, at all relevant times, on the basis of a good faith and

2  reasonable belief that they had complied fully with California wage and hours laws.  Consequently, any

3  alleged unlawful conduct was not intentional, knowing or willful within the meaning of the California

4  Labor Code.

5  **NINTH DEFENSE**

6  **(Failure to Inform Employer of Alleged Violations – All Causes of Action)**

7      9.    The Class Action Complaint, and each cause of action contained therein, is barred

8  because Plaintiff and/or the putative class members did not inform Defendants of any alleged unlawful

9  conduct, any alleged meal or rest period violations, any alleged failure to pay wages or premium wages,

10  any alleged inaccuracies regarding their pay stubs, or any unreimbursed business expenses prior to filing

11  a lawsuit.  Thus, Plaintiff did not provide Defendants with an opportunity to correct any alleged

12  violations and provide the appropriate remedy, if any, to Plaintiff prior to the filing of the lawsuit.

13  **TENTH DEFENSE**

14  **(*De Minimis* Doctrine – All Causes of Action)**

15      10.    The Class Action Complaint, and each cause of action alleged therein, fails to the extent

16  that, even if Plaintiff and the putative class members were not paid for all work performed, such work is

17  not compensable pursuant to the *de minimis* doctrine.  Pursuant to the *de minimis* doctrine, an employer

18  is not required to pay for insubstantial or insignificant periods of purported off-the-clock work.  *See,*

19  *e.g., Rutti v. Lojack Corp.*, 596 F.3d 1046, 1057-1058 (9th Cir. 2010) (noting that courts have generally

20  found that *de minimis* work of less than ten minutes per day is not compensable: "most courts 'have

21  found daily periods of approximately ten minutes *de minimis* even though otherwise compensable'");

22  *Lindow v. United States*, 738 F.2d 1057, 1062, 1064 (9th Cir. 1984) ("It is only when an employee is

23  required to give up a substantial measure of his time and effort that compensable working time is

24  involved"; "most courts have found daily periods of 10 minutes *de minimis* even though otherwise

25  compensable."); *Gillings v. Time Warner Cable LLC*, 583 Fed. Appx. 712, 714 (9th Cir.

26  2014) (federal *de minimis* wage and hour doctrine applies under California law).

27

28

3

56895792v.2

**ELEVENTH DEFENSE**

**(Good Faith Dispute and Waiting Time Penalties – Seventh and Eighth Causes of Action)**

11.     Plaintiff is not entitled to any penalty because, at all times relevant and material herein, Defendants did not intentionally, knowingly or willfully fail to comply with any provisions of the California Labor Code or applicable wage orders, but rather acted in good faith and had reasonable grounds for believing that it did not violate the California Labor Code or the applicable wage order.

**TWELFTH DEFENSE**

**(Lack of Standing – All Causes of Action)**

12.     The Class Action Complaint, and each purported cause of action alleged therein, is barred for lack of subject matter jurisdiction to the extent Plaintiff lacks standing to assert any of the causes of action contained in the Class Action Complaint because Plaintiff has not suffered any injury.

**THIRTEENTH DEFENSE**

**(Accord and Satisfaction – All Causes of Action)**

13.     The alleged claims are barred by the doctrine of accord and satisfaction. Specifically, Plaintiff and the putative class members were properly and fully compensated for all work performed, and their acceptance of these payments constituted an accord and satisfaction for all debts, if any, owed by Defendants to Plaintiff and/or the putative class members.

**FOURTEENTH DEFENSE**

**(Release – All Causes of Action)**

14.     To the extent Plaintiff and/or the putative class members have executed or are bound by a release encompassing claims alleged in the Class Action Complaint, their claims are barred by that release.

**FIFTEENTH DEFENSE**

**(Offset – All Causes of Action)**

15.     The Class Action Complaint, and each cause of action contained therein, fails to the extent that Defendants are entitled to an off-set for any overpayments of wages provided for work never actually performed, any damages incurred by Plaintiff or any putative class member's act or omissions or inadvertent overpayment for hours worked.

4

56895792v.2

1

## SIXTEENTH DEFENSE

## (Res Judicata and Collateral Estoppel – All Causes of Action)

16.     The Class Action Complaint, and each purported cause of action alleged therein, is barred by the doctrines of res judicata and/or collateral estoppel.

## SEVENTEENTH DEFENSE

## (Consent/Ratification – All Causes of Action)

17.     Assuming arguendo that any of the alleged conduct of Defendants occurred (which Defendants expressly deny), such conduct was approved, consented to, ratified, or authorized by Plaintiff and putative class members through their actions, omissions, and course of conduct, among other things.

## EIGHTEENTH DEFENSE

## (Arbitration – All Causes of Action)

18.     To the extent Plaintiff and/or the putative class members have agreed to arbitrate claims alleged in the Class Action Complaint on an individual basis only, their claims are barred by their contractual agreement to arbitrate their individual claims only and may not participate in this lawsuit.

## NINETEENTH DEFENSE

## (Meal Period Waiver – Third and Eighth Causes of Action)

19.     To the extent Plaintiff and putative class members voluntarily waived the right to a meal period for shifts of more than five but less than six hours and/or shifts of more than 10 but less than 12 hours, no violation of the California Labor Code or the IWC Wage Orders exists.

## TWENTIETH DEFENSE

## (Excessive Penalties – All Causes of Action)

20.     Plaintiff and/or the putative class members are not entitled to recover any penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or confiscatory or disproportionate to any damage or loss incurred as a result of Defendants' conduct and therefore unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-

5

56895792v.2

1   incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution,

2   and the excessive fines clause of Section 17 of Article I, the due process clause of Section 7 of Article I,

3   the self-incrimination clause of Section 15 of Article I, and other provisions of the California

4   Constitution.

5                                   **TWENTY-FIRST DEFENSE**

6                   **(Duplicate Damages or Double Recovery – All Causes of Action)**

7        21.     To the extent Plaintiff and/or the putative class members have received other benefits

8   and/or awards attributable to an injury for which they seek compensation in this case, such benefits

9   and/or awards should offset, in whole or in part, any award they receive here for the same injury.

10                                  **TWENTY-SECOND DEFENSE**

11                  **(Unavailable Remedies Under the UCL – Eighth Cause of Action)**

12       22.     The Class Action Complaint fails to the extent that it seeks anything but restitution for

13  alleged violations of the Labor Code that form the basis of the claims under the UCL.

14                                  **TWENTY-THIRD DEFENSE**

15                  **(Substantial Compliance – All Causes of Action)**

16       23.     The Class Action Complaint, and each purported cause of action alleged therein, is barred

17  in whole or in part because Defendants complied with the statutory obligations, and to the extent it is

18  determined that there was a technical non-compliance, Defendants substantially complied with the

19  obligations and cannot be liable in whole or in part for the claims.

20                                  **TWENTY-FOURTH DEFENSE**

21                  **(Privilege/Legitimate Business Reasons – All Causes of Action)**

22       24.     The Class Action Complaint, and each purported cause of action alleged therein, is barred

23  because Defendants had an honest, good faith belief that all decisions, if any, affecting Plaintiff and

24  putative class members were made by Defendant solely for legitimate, business-related reasons that

25  were neither arbitrary, capricious, nor unlawful and were reasonably based upon the facts as Defendants

26  understood them.

27

28

                                            6
56895792v.2

## TWENTY-FIFTH DEFENSE

### (Contribution by Plaintiff's Own Act – All Causes of Action)

25.     The Class Action Complaint, and each purported cause of action alleged therein, is barred because any injuries and/or alleged damages were proximately caused by and/or contributed to by the acts, omissions, and/or failure to act by Plaintiff and putative class members.

## TWENTY-SIXTH DEFENSE

### (Labor Code § 2856 – All Causes of Action)

26.     Plaintiff's claims, and those of the members of the putative classes, are barred by Labor Code § 2856 to the extent that Plaintiff or putative class members failed substantially to comply with all the directions of Defendant, and such failure proximately caused the alleged losses for which they seek relief.

## TWENTY-SEVENTH DEFENSE

### (Failure to Use Ordinary Case - All Causes of Action)

27.     The Class Action Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and putative class members received good consideration in agreement to serve as an employee of Defendants, yet failed to use ordinary care and diligence during their employment, or employment-related duties, pursuant to California Labor Code sections 2850 and 2854.

## TWENTY-EIGHTH DEFENSE

### (Failure to Perform Services - All Causes of Action)

28.     The Class Action Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and putative class members failed to perform services in conformity to the usage of the place of performance and was not otherwise directed by the employer, and such performance was neither impracticable, nor manifestly injurious to Plaintiff, putative class members, and allegedly aggrieved employees, pursuant to California Labor Code Section 2857.

7

DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT

56895792v.2

### TWENTY-NINTH DEFENSE

#### (Degree of Skill - All Causes of Action)

29.     The Class Action Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and putative class members failed to exercise a reasonable degree of skill in performing their job duties, pursuant to California Labor Code Section 2858.

### THIRTIETH DEFENSE

#### (Failure to Use Skill Possessed - All Causes of Action)

30.     The Class Action Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and putative class members did not use such skill as they possessed, so far as the same is required, for the service specified for Defendants, as provided under California Labor Code Section 2859.

### THIRTY-FIRST DEFENSE

#### (Not Appropriate for Class Action – All Causes of Action)

31.     The lawsuit cannot proceed on a class action basis because Plaintiff cannot allege facts sufficient to warrant certification or an award of class-wide damages, pursuant to California Code of Civil Procedure § 382 or Rule 23 of the Federal Rules of Civil Procedure.  The Class Action Complaint, and each purported cause of action alleged therein, is not proper for treatment as a class action because, among other reasons: (a) Plaintiff is an inadequate representative of the purported class; (b) Plaintiff cannot establish commonality of claims; (c) Plaintiff cannot establish typicality of claims; and (d) the individualized nature of Plaintiff's claims predominate and thus makes class treatment inappropriate. Also, the Class Action Complaint does not allege a viable theory for class-wide recovery to show that a class action trial is manageable.

### THIRTY-SECOND DEFENSE

#### (No Knowledge of Reasonable and Necessary Business Expenses –

#### Eighth and Ninth Causes of Action)

32.     The Class Action Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff, and/or some or all of the purported class they seek to represent, did not inform Defendants of or seek indemnification for reasonably and necessarily incurred business expenses.  An

8

DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT

56895792v.2

employer cannot be held liable for failing to indemnify an employee's necessary expenses if it does not know or have reason to know that the employee has incurred the expense.

## THIRTY-THIRD DEFENSE

### (No Liquidated Damages – First and Second Causes of Action)

33. Plaintiff and the putative class members are not entitled to liquidated damages because any acts or omissions giving rise to the alleged claims were undertaken or made in good faith, and the Defendants had reasonable grounds for believing that the actions or omissions did not violate the law. Thus, Defendants cannot be held to have willfully failed to comply with the requirements of the California Labor Code.

## RESERVATION OF RIGHTS

Defendants do not presently know all of the facts and circumstances regarding the claims alleged in the Class Action Complaint. Defendants have not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on such other applicable defenses as may later become available or apparent. Defendants further reserve the right to amend the answer or defenses accordingly and/or to delete defenses that it determines are not applicable during the course of discovery.

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff and the putative class members take nothing by their Class Action Complaint;

2. That judgment be entered in favor of Defendants and against Plaintiff on all causes of action;

3. That Defendants be awarded reasonable attorneys' fees according to proof;

4. That Defendants be awarded the costs of suit incurred herein; and

5. That Defendants be awarded such other and further relief as the Court may deem appropriate.

9

56895792v.2

1 | DATED: May 15, 2019

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
Daniel C. Whang
Jennifer R. Nunez
Attorneys for Defendants
THE AMERICAN BOTTLING COMPANY
and KEURIG DR PEPPER INC.

10

DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT

56895792v.2

1    **PROOF OF SERVICE**

2    STATE OF CALIFORNIA                    )
                                            )  SS
3    COUNTY OF LOS ANGELES                  )

4        I am a resident of the State of California, over the age of eighteen years, and not a party to the
     within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California
5    90067-3021. On May 15, 2019, I served the within document(s):

6        ANSWER BY DEFENDANTS THE AMERICAN BOTTLING COMPANY AND KEURIG
     DR PEPPER INC. TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT
7

8        ☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid,
9            in the United States mail at Los Angeles, California, addressed as set forth below.

10       ☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth
             below.
11
         ☒   by placing the document(s) listed above in a sealed envelope or package provided by an
12           overnight delivery carrier with postage paid on account and deposited for collection with the
             overnight carrier at Los Angeles, California, addressed as set forth below.
13
         ☐   by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth
14           below.

15       ☐   electronically by using the Court's ECF/CM System.

16

17
         Vache A. Thomassian                    *Counsel for Plaintiff*
18       Caspar Jivalagian                      *Juan M. Guzman-Lopez*
         KJT LAW GROUP LLP
19       230 North Maryland Avenue, Suite 306
20       Glendale, CA 91206
         Tel. 818.507.8525
21       vache@kjtlawgroup.com
         caspar@kjtlawgroup.com
22
         Christopher A. Adams                   *Counsel for Plaintiff*
23       ADAMS EMPLOYMENT COUNSEL              *Juan M. Guzman-Lopez*
24       4740 Calle Carga
         Camarillo, CA 93012
25       Tel. 818.425.1437
         ca@AdamsEmploymentCounsel.com
26

27       I am readily familiar with the firm's practice of collection and processing correspondence for
     mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with
28   postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party

                                        PROOF OF SERVICE
     56928896v.1

served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 15, 2019, at Los Angeles, California.

_____
Jeffrey Gimble

2

PROOF OF SERVICE

56928896v.1



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



**After printing this label**:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.