SEYFARTH SHAW LLP
Daniel Whang (SBN 223451)
dwhang@seyfarth.com
David Rosenberg (SBN 292094)
drosenberg@seyfarth.com
Olivia J. Wada (SBN 317153)
owada@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendants
THE AMERICAN BOTTLING COMPANY and
KEURIG DR. PEPPER INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN M. GUZMAN-LOPEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE AMERICAN BOTTLING COMPANY, a corporation; KEURIG-DR. PEPPER, INC., a corporation; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 2:19-cv-04358-R-GJS<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date:       December 2, 2019<br>Time:       10:00 a.m.<br>Place:      Courtroom 850, 8th Floor<br>Judge:     Hon. R. Gary Klausner<br><br>Complaint Filed:     April 16, 2019<br>Trial Date:              June 9, 2020 |

1   Defendants The American Bottling Company ("ABC") and Keurig Dr. Pepper Inc.

2   ("Keurig Dr. Pepper") (collectively, "Defendants") hereby submit the following

3   objections to Plaintiff Juan Guzman's ("Plaintiff") evidence filed in support of his

4   Motion for Class Certification.  Defendants request that the Court not consider such

5   objectionable matter in determining whether to grant Plaintiff's Motion for Class

6   Certification.

7   ### OBJECTIONS TO DECLARATION OF CHRISTOPHER A. ADAMS

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| 1.    ¶ 12, at page 2:7-8<br><br>"Defendant Keurig-Dr. Pepper, Inc., formerly Dr. Pepper-Snapple Group, Inc., is a nationwide conglomerate and makers of various assortments of soft drinks." | **Lacks Foundation / Personal Knowledge** (Fed. R. Evid. 602).<br><br>Declarant fails to lay a proper foundation to establish Keurig Dr. Pepper's corporate background, structure, and business operations. Declarant's testimony fails to lay any foundation sufficient to support a finding that he has personal knowledge of the matters asserted. Accordingly, the testimony is speculative and inadmissible. | Sustained ___<br><br>Overruled ___ |
| 2.    ¶ 13, at page 2:9-11<br><br>"Defendant The American Bottling Company is a subsidiary of Keurig-Dr. Pepper, Inc. offering bottling services and the distributor of Dr. Pepper affiliated soft drinks." | **Lacks Foundation / Personal Knowledge** (Fed. R. Evid. 602).<br><br>Declarant fails to lay a proper foundation to establish ABC's corporate background, structure, and business operations, or that ABC is a subsidiary of Keurig Dr. Pepper. Declarant's testimony fails to lay any foundation sufficient to support a finding that he has personal knowledge of the matters asserted. Accordingly, the testimony is speculative and inadmissible. | Sustained ___<br><br>Overruled ___ |
| 3.    ¶ 20, at page 2:18-19<br><br>"Since the inception of this case, Plaintiff has vigorously pursued classwide discovery both | **Lacks Foundation/Speculation** (Fed. R. Evid. 602).<br><br>Declarant fails to lay a proper foundation to establish that Plaintiff has "vigorously" pursued discovery in | Sustained ___<br><br>Overruled ___ |

1

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| informally and formally." | this action.  Declarant's testimony fails to lay any foundation for his statement or provide any detail regarding the scope of discovery pursued or completed by Plaintiff. Accordingly, the testimony is speculative and inadmissible. | |

## OBJECTIONS TO DECLARATION OF PLAINTIFF JUAN GUZMAN

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| 4.    ¶ 7, at page 2:1-2<br><br>"I worked at TBAC and Dr. Pepper as a merchandiser from December 4, 2017 to September 18, 2018." | **Contradicts Deposition Testimony.**<br><br>The declaration testimony contradicts Plaintiff's sworn deposition testimony that he does not recall the dates of his employment nor how long he was employed by The American Bottling Company.<br><br>*See Lanzarone v. Guardsmark Holdings, Inc.*, 2006 WL 4393465, at *6 (C.D. Cal. Sept. 7, 2006) ("To the extent Plaintiff's declaration can be read to contradict his clear deposition testimony . . . the Court disregards the declaration and further finds that the declaration is contradictory and a sham and cannot be credited"); *United States ex rel. Lee v. Corinthian Colleges*, 2013 WL 12114015, at *11 (C.D. Cal. Mar. 15, 2013) (declarations that clearly contradict testimony are to be disregarded); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (a declaration that directly contradicts deposition testimony must be disregarded).<br><br>**Testimony.**<br><br>Pl.'s Dep., 16-25-17:12.<br><br>Q. Do you recall when you were | Sustained ___<br><br>Overruled ___ |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| | employed by Keurig-Dr. Pepper?<br><br>A. No.<br><br>Q. Do you recall the approximate month and year when you started your employment with Keurig-Dr. Pepper?<br><br>A. No.<br><br>Q. Do you recall the month and year when your employment with Keurig-Dr. Pepper ended?<br><br>A. No.<br><br>Q. Do you recall how long you were employed by Keurig-Dr. Pepper?<br><br>A. No. | |
| 5.　¶ 9, at page 2:15-20<br><br>"I am unaware of any policies of KDP, either written or otherwise, which would permit me to leave the premises during my rest periods. As a result, all of my rest periods were controlled by my employer and I often was forced to forgo an opportunity to leave the job site to get a snack or a drink or make phone calls to my friends and family in privacy when I chose to do so." | **Contradicts Deposition Testimony.**<br><br>The declaration testimony contradicts Plaintiff's sworn deposition testimony that it was his choice where to take a rest break, that he could leave the retail stores during his rest breaks, and that he would take breaks in his car.<br><br>*See Lanzarone v. Guardsmark Holdings, Inc.*, 2006 WL 4393465, at *6 (C.D. Cal. Sept. 7, 2006) ("To the extent Plaintiff's declaration can be read to contradict his clear deposition testimony . . . the Court disregards the declaration and further finds that the declaration is contradictory and a sham and cannot be credited"); *United States ex rel. Lee v. Corinthian Colleges*, No. CV071984PSGMANX, 2013 WL 12114015, at *11 (C.D. Cal. Mar. 15, 2013) (declarations that clearly contradict testimony are to be disregarded); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (a declaration that directly contradicts deposition testimony must be disregarded).<br><br>**Testimony.** | Sustained ___<br><br>Overruled ___ |

3

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
|  | Pl.'s Dep., 150:10-150:17.<br><br>Q. But at least what the company had informed you is that even if you're in the middle of a job at a store, you are free to take your lunch or your rest break; is that correct?<br><br>A. Yes.<br><br>Q. And that you were free to use that time however you wanted; is that correct?<br><br>A. Yes.<br><br>Pl.'s Dep., 141:2-5.<br><br>Q. And for your rest breaks . . . you were free to leave the store and then come back, correct?<br><br>A. Yes.<br><br>Pl.'s Dep., 151:18-152:2.<br><br>Q. Where would you typically take your rest breaks?<br><br>A. Sometimes in the back of the store or in the warehouse.<br><br>Q. Would you take your rest breaks in your car as well?<br><br>A. Yeah, sometimes.<br><br>Q. It was your choice where you wanted to take your break; is that correct?<br><br>A. Yes. |  |
| 6.      ¶ 10, at page 2:22-28<br><br>"[D]ue to KDPs policies that required me to stay at my job site where it was often crowded with people I did not know, I could not make | **Contradicts Deposition Testimony.**<br><br>Plaintiff's declaration testimony contradicts his sworn deposition testimony that it was his choice where to take a rest break, that he could leave the retail stores during his rest breaks, | Sustained ___<br><br>Overruled ___ |

4

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| these calls or engage in other activities in the presence of KDP's retail clients. KDP asked that I maintain a professional appearance at all times and therefore whenever I was at the job site, including on rest breaks, I did not have the freedom to act or do as I pleased." | and that he would take breaks in his car.<br><br>*See Lanzarone v. Guardsmark Holdings, Inc.*, 2006 WL 4393465, at *6 (C.D. Cal. Sept. 7, 2006) ("To the extent Plaintiff's declaration can be read to contradict his clear deposition testimony . . . the Court disregards the declaration and further finds that the declaration is contradictory and a sham and cannot be credited"); *United States ex rel. Lee v. Corinthian Colleges*, No. CV071984PSGMANX, 2013 WL 12114015, at *11 (C.D. Cal. Mar. 15, 2013) (declarations that clearly contradict testimony are to be disregarded); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (a declaration that directly contradicts deposition testimony must be disregarded).<br><br>**Testimony.**<br><br>Pl.'s Dep., 150:10-150:17.<br><br>Q. But at least what the company had informed you is that even if you're in the middle of a job at a store, you are free to take your lunch or your rest break; is that correct?<br><br>A. Yes.<br><br>Q. And that you were free to use that time however you wanted; is that correct?<br><br>A. Yes.<br><br>Pl.'s Dep., 141:2-5.<br><br>Q. And for your rest breaks . . . you were free to leave the store and then come back, correct?<br><br>A. Yes.<br><br>Pl.'s Dep., 151:18-152:2.<br><br>Q. Where would you typically take | |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

60106065v.1

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| | your rest breaks?<br><br>A. Sometimes in the back of the store or in the warehouse.<br><br>Q. Would you take your rest breaks in your car as well?<br><br>A. Yeah, sometimes.<br><br>Q. It was your choice where you wanted to take your break; is that correct?<br><br>A. Yes. | |
| 7.     ¶ 10, at page 2:27-3:2<br><br>"[I]f I was allowed to leave the job site – even for just a few minutes during my long shifts – I would have been able to speak with my family and friends about private matters or relax." | **Contradicts Deposition Testimony.**<br><br>The declaration testimony contradicts Plaintiff's sworn deposition testimony that it was his choice where to take a rest break, that he could leave the retail stores during his rest breaks, and that he would take breaks in his car.<br><br>*See Lanzarone v. Guardsmark Holdings, Inc.*, 2006 WL 4393465, at *6 (C.D. Cal. Sept. 7, 2006) ("To the extent Plaintiff's declaration can be read to contradict his clear deposition testimony . . . the Court disregards the declaration and further finds that the declaration is contradictory and a sham and cannot be credited"); *United States ex rel. Lee v. Corinthian Colleges*, No. CV071984PSGMANX, 2013 WL 12114015, at *11 (C.D. Cal. Mar. 15, 2013) (declarations that clearly contradict testimony are to be disregarded); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (a declaration that directly contradicts deposition testimony must be disregarded).<br><br>**Testimony.**<br><br>Pl.'s Dep., 150:10-150:17.<br><br>Q. But at least what the company had informed you is that even if you're in | Sustained ___<br><br>Overruled ___ |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

60106065v.1

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| | the middle of a job at a store, you are free to take your lunch or your rest break; is that correct?<br><br>A. Yes.<br><br>Q. And that you were free to use that time however you wanted; is that correct?<br><br>A. Yes.<br><br>Pl.'s Dep., 141:2-5.<br><br>Q. And for your rest breaks . . . you were free to leave the store and then come back, correct?<br><br>A. Yes.<br><br>Pl.'s Dep., 151:18-152:2.<br><br>Q. Where would you typically take your rest breaks?<br><br>A. Sometimes in the back of the store or in the warehouse.<br><br>Q. Would you take your rest breaks in your car as well?<br><br>A. Yeah, sometimes.<br><br>Q. It was your choice where you wanted to take your break; is that correct?<br><br>A. Yes. | |
| 8.     ¶ 10, at page 3:4-7<br><br>"[D]ue to KDP's on-site rest period policies, while I was out on my routes I felt that the only time that I had the full freedom to relax and rest was when I went to the restroom and it was empty. Otherwise, I felt like I was under the constant scrutiny of KDP." | **Contradicts Deposition Testimony.**<br><br>The declaration testimony contradicts Plaintiff's sworn deposition testimony that it was his choice where to take a rest break and that he could leave the retail stores during his rest breaks.<br><br>*See Lanzarone v. Guardsmark Holdings, Inc.*, 2006 WL 4393465, at *6 (C.D. Cal. Sept. 7, 2006) ("To the extent Plaintiff's declaration can be | Sustained ___<br><br>Overruled ___ |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| | read to contradict his clear deposition testimony . . . the Court disregards the declaration and further finds that the declaration is contradictory and a sham and cannot be credited"); *United States ex rel. Lee v. Corinthian Colleges*, No. CV071984PSGMANX, 2013 WL 12114015, at *11 (C.D. Cal. Mar. 15, 2013) (declarations that clearly contradict testimony are to be disregarded); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (a declaration that directly contradicts deposition testimony must be disregarded). | |
| | **Testimony.** | |
| | Pl.'s Dep., 150:10-150:17. | |
| | Q. But at least what the company had informed you is that even if you're in the middle of a job at a store, you are free to take your lunch or your rest break; is that correct? | |
| | A. Yes. | |
| | Q. And that you were free to use that time however you wanted; is that correct? | |
| | A. Yes. | |
| | Pl.'s Dep., 141:2-5. | |
| | Q. And for your rest breaks . . . you were free to leave the store and then come back, correct? | |
| | A. Yes. | |
| | Pl.'s Dep., 151:18-152:2. | |
| | Q. Where would you typically take your rest breaks? | |
| | A. Sometimes in the back of the store or in the warehouse. | |
| | Q. Would you take your rest breaks in | |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

60106065v.1

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| | your car as well?<br><br>A. Yeah, sometimes.<br><br>Q. It was your choice where you wanted to take your break; is that correct?<br><br>A. Yes. | |
| 9.   ¶ 12, at page 3:24-27<br><br>"To my knowledge, other KDP's employees who held the position as a 'merchandiser' would receive their schedules in the same manner and at the same time." | **Lacks Foundation / Personal Knowledge** (Fed. R. Evid. 602).<br><br>Plaintiff fails to lay a proper foundation sufficient to support a finding that other employees who held the "merchandiser" position would receive their schedules in the same manner and the same time.  In Plaintiff's sworn deposition testimony, he states that he has not spoken with any current or former employees of Defendants.  Accordingly, the testimony is speculative and inadmissible.<br><br>**Testimony.**<br><br>Pl.'s Dep., 107:15-17.<br><br>Q. Have you spoken with any former or current employees of Keurig Dr Pepper?<br><br>A. No. | Sustained ___<br><br>Overruled ___ |
| 10.   ¶ 13, at page 4:9<br><br>"I believe other employees were subject to the same practice." | **Lacks Foundation / Personal Knowledge** (Fed. R. Evid. 602).<br><br>Plaintiff fails to lay a proper foundation sufficient to support a finding that other employees would have to retrieve and "repack" boxes from the company's local branch before starting their daily routes.  In Plaintiff's sworn deposition testimony, he states that he has not spoken with any current or former employees of Defendants.  Accordingly, the testimony is speculative and | Sustained ___<br><br>Overruled ___ |

9

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| | inadmissible.<br><br>**Testimony.**<br><br>Pl.'s Dep., 107:15-17.<br><br>Q. Have you spoken with any former or current employees of Keurig Dr Pepper?<br><br>A. No. | |
| 11.    ¶ 14, at page 4:15-18<br><br>"I was not compensated for the hours worked in excess of twelve hours because the merchandiser manager, Herman Perez, refused to authorize that overtime." | **Lacks Foundation / Personal Knowledge** (Fed. R. Evid. 602); **Contradicts Deposition Testimony.**<br><br>Plaintiff's declaration testimony contradicts his sworn deposition testimony that it was company policy to record accurately all hours worked, that he was prohibited from working off the clock, and that managers would approve overtime anytime he needed to work overtime.<br><br>*See Lanzarone v. Guardsmark Holdings, Inc.*, 2006 WL 4393465, at *6 (C.D. Cal. Sept. 7, 2006) ("To the extent Plaintiff's declaration can be read to contradict his clear deposition testimony . . . the Court disregards the declaration and further finds that the declaration is contradictory and a sham and cannot be credited"); *United States ex rel. Lee v. Corinthian Colleges*, No. CV071984PSGMANX, 2013 WL 12114015, at *11 (C.D. Cal. Mar. 15, 2013) (declarations that clearly contradict testimony are to be disregarded); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (a declaration that directly contradicts deposition testimony must be disregarded).<br><br>**Testimony.**<br><br>Pl.'s Dep., 34:8-14.<br><br>Q. Your understanding of Keurig-Dr. Pepper's policy was that you were | Sustained ___<br><br>Overruled ___ |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

60106065v.1

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| | obligated to record accurately all hours worked on your timecard; is that correct?<br><br>A. Yes.<br><br>Pl.'s Dep., 35:19-23.<br><br>Q. Your understanding was that you were prohibited from working off the clock which means working without recording that time on a timecard; is that correct?<br><br>A. Yes.<br><br>Pl.'s Dep., 67:7-10.<br><br>Q. You understood that you were expected to accurately record all your time on the phone; is that correct?<br><br>A. Yes.<br><br>Pl.'s Dep., 190:20-25.<br><br>Q. Whenever you needed to work overtime, your managers would approve the overtime; is that correct?<br><br>A. Yes.<br><br>Q. You just needed to inform them you would need to work overtime; is that correct?<br><br>A. Yes. | |
| 12.    ¶ 14, at page 4:17-20<br><br>"KDP expected their employees to work off-the clock in order to complete their job duties.  To my knowledge, other merchandisers were subject to the same practice." | **Lacks Foundation / Personal Knowledge** (Fed. R. Evid. 602); **Contradicts Deposition Testimony.**<br><br>Plaintiff fails to lay a proper foundation sufficient to support a finding that ABC expected all non-exempt employees in California to work off-the-clock in order to complete their job duties.  In Plaintiff's sworn deposition testimony, he admits that he has not spoken with any current or former employees of | Sustained ___<br><br>Overruled ___ |

11

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| | Defendants. Accordingly, the testimony is speculative and inadmissible.<br><br>Plaintiff's declaration testimony also contradicts his sworn deposition testimony that it was company policy to record accurately all hours worked, that he was prohibited from working off the clock, and that managers would approve overtime anytime he needed to work overtime.<br><br>*See Lanzarone v. Guardsmark Holdings, Inc.*, 2006 WL 4393465, at *6 (C.D. Cal. Sept. 7, 2006) ("To the extent Plaintiff's declaration can be read to contradict his clear deposition testimony . . . the Court disregards the declaration and further finds that the declaration is contradictory and a sham and cannot be credited"); *United States ex rel. Lee v. Corinthian Colleges*, No. CV071984PSGMANX, 2013 WL 12114015, at *11 (C.D. Cal. Mar. 15, 2013) (declarations that clearly contradict testimony are to be disregarded); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (a declaration that directly contradicts deposition testimony must be disregarded).<br><br>**Testimony.**<br><br>Pl.'s Dep., 107:15-17.<br><br>Q. Have you spoken with any former or current employees of Keurig Dr Pepper?<br><br>A. No.<br><br>Pl.'s Dep., 34:8-14.<br><br>Q. Your understanding of Keurig-Dr. Pepper's policy was that you were obligated to record accurately all hours worked on your timecard; is that correct? | |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

60106065v.1

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| | A. Yes.<br><br>Pl.'s Dep., 35:19-23.<br><br>Q. Your understanding was that you were prohibited from working off the clock which means working without recording that time on a timecard; is that correct?<br><br>A. Yes.<br><br>Pl.'s Dep., 67:7-10.<br><br>Q. You understood that you were expected to accurately record all your time on the phone; is that correct?<br><br>A. Yes.<br><br>Pl.'s Dep., 190:20-25.<br><br>Q. Whenever you needed to work overtime, your managers would approve the overtime; is that correct?<br><br>A. Yes.<br><br>Q. You just needed to inform them you would need to work overtime; is that correct?<br><br>A. Yes. | |
| 13.  ¶ 15, at page 4:23-26<br><br>"The KDP management knew that I was unable to take my meal and rest breaks, but they were only concerned about whether my Attestation form indicated that a meal break was recorded – not whether I actually took a meal break." | **Lacks Foundation / Personal Knowledge** (Fed. R. Evid. 602); **Contradicts Deposition Testimony.**<br><br>Plaintiff fails to lay a proper foundation sufficient to support a finding that ABC knew that he was purportedly unable to take meal and rest periods, but they were only concerned about whether his attestation form indicated that a meal break was recorded – not whether he actually took a meal or rest break. Accordingly, the testimony is speculative and inadmissible.<br><br>The declaration testimony also | Sustained ___<br><br>Overruled ___ |

13

60106065v.1

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| | contradicts Plaintiff's sworn deposition testimony that he would attest on a daily basis whether he took his meal and rest breaks, and that ABC would pay a meal or rest period premium if work prevented him from taking his meal or rest breaks.<br><br>*See Lanzarone v. Guardsmark Holdings, Inc.*, 2006 WL 4393465, at *6 (C.D. Cal. Sept. 7, 2006) ("To the extent Plaintiff's declaration can be read to contradict his clear deposition testimony . . . the Court disregards the declaration and further finds that the declaration is contradictory and a sham and cannot be credited"); *United States ex rel. Lee v. Corinthian Colleges*, No. CV071984PSGMANX, 2013 WL 12114015, at *11 (C.D. Cal. Mar. 15, 2013) (declarations that clearly contradict testimony are to be disregarded); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (a declaration that directly contradicts deposition testimony must be disregarded).<br><br>**Testimony.**<br><br>Pl.'s Dep., 161:21-162:1.<br><br>Q. And as part of the attestation process, what you were required to do at the end of each day was to indicate on the timekeeping system whether you were provided all lunch and rest breaks in compliance with the company policy; is that correct?<br><br>A. Yes.<br><br>Pl.'s Dep., 75:13-19.<br><br>Q. If you were not provided a meal or rest period in accordance with company policy you were expected to indicate that on this form; is that correct?<br><br>A. Yes. | |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

60106065v.1

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| | Pl.'s Dep., 163:10-21.<br><br>Q. And you were instructed and trained that if you were not able to take your meal breaks in compliance with company policy, you needed to indicate that on the attestation by stating that work prevented you from taking your meal breaks; is that correct?<br><br>A. Correct.<br><br>Q. You were also trained and instructed that the company is relying on this attestation to determine whether to pay you a meal period premium, correct?<br><br>A. Yes.<br><br>Pl.'s Dep., 163:22-164:23.<br><br>Q. And you also were trained and instructed that if you indicate that if you were not able to take your rest periods because work permitted you from taking your rest periods, you would be paid an hour of premium pay, correct?<br><br>A. Yes.<br><br>Q. At the end of every day, did you respond to the prompts as required in this document?<br><br>A. Yes. | |
| 14.   ¶ 16, at page 4:26-5:2<br><br>"KDP issued to me a company phone that I was required to have it on me at all times, including my rest and meal breaks, to ensure I was reachable by my supervisors, managers, KDP sales representatives, and clients every time when they wanted to contact me." | **Lacks Foundation / Personal Knowledge** (Fed. R. Evid. 602); **Contradicts Deposition Testimony.**<br><br>Plaintiff fails to lay a proper foundation sufficient to support a finding that the company issued him a phone so that he could be reachable by my supervisors, managers, KDP sales representatives, and clients every time when they wanted to contact me. Plaintiff fails to lay any foundation | Sustained ___<br><br>Overruled ___ |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

60106065v.1

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| | sufficient to support a finding that he has personal knowledge of the matters asserted.  Accordingly, the testimony is speculative and inadmissible.<br><br> The declaration testimony also contradicts Plaintiff's sworn deposition testimony that his supervisor would not ask him to work while he was on his rest breaks.<br><br>**Testimony.**<br><br>Pl.'s Dep., 153:17-21.<br><br>Q. Did Herman ever ask you to work while you were on a rest break?<br><br>A. Well, not during the short breaks because they rarely noticed when it was that you were out to -- on break. | |
| 15.   ¶ 16, at page 5:2-4<br><br>"To my knowledge, all other merchandisers were required to carry cell phones all the time during their shifts while on and/or off the premises of their prescribed job locations." | **Lacks Foundation / Personal Knowledge** (Fed. R. Evid. 602).<br><br>Plaintiff fails to lay a proper foundation sufficient to support a finding that other merchandisers were required to carry cell phones all the time during their shifts while on and/or off the premises of their prescribed job locations.  Plaintiff testifies about other merchandisers, but fails to lay any foundation sufficient to establish that he has personal knowledge of the matters asserted.<br><br>In addition, in Plaintiff's sworn deposition testimony, he admits that he has not spoken with any current or former employees of Defendant. Accordingly, the testimony is speculative and inadmissible.<br><br>**Testimony.**<br><br>Pl.'s Dep., 107:15-17.<br><br>Q. Have you spoken with any former or current employees of Keurig Dr | Sustained ___<br><br>Overruled ___ |

16

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| | Pepper?<br><br>A. No. | |
| 16.    ¶ 20, at page 5:22-27<br><br>"Because of the KDP's policy requiring its employees to remain on premises during the rest breaks and, also, due to an inherent problem with leaving a half-finished stocking and/or display in a store, I almost always stayed on the premises during my rest breaks to comply with KDP's policy and attend the merchandise to ensure the safety of the customers." | **Contradicts Deposition Testimony.**<br><br>Plaintiff's declaration testimony contradicts his sworn deposition testimony that it was his choice where to take a rest break, that he could leave the retail stores during his rest breaks, and that he would take breaks in his car.<br><br>*See Lanzarone v. Guardsmark Holdings, Inc.*, 2006 WL 4393465, at *6 (C.D. Cal. Sept. 7, 2006) ("To the extent Plaintiff's declaration can be read to contradict his clear deposition testimony . . . the Court disregards the declaration and further finds that the declaration is contradictory and a sham and cannot be credited"); *United States ex rel. Lee v. Corinthian Colleges*, No. CV071984PSGMANX, 2013 WL 12114015, at *11 (C.D. Cal. Mar. 15, 2013) (declarations that clearly contradict testimony are to be disregarded); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (a declaration that directly contradicts deposition testimony must be disregarded).<br><br>**Testimony.**<br><br>Pl.'s Dep., 150:10-150:17.<br><br>Q. But at least what the company had informed you is that even if you're in the middle of a job at a store, you are free to take your lunch or your rest break; is that correct?<br><br>A. Yes.<br><br>Q. And that you were free to use that time however you wanted; is that correct? | Sustained ___<br><br>Overruled ___ |

---

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

60106065v.1

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| | A. Yes.<br><br>Pl.'s Dep., 141:2-5.<br><br>Q. And for your rest breaks . . . you were free to leave the store and then come back, correct?<br><br>A. Yes.<br><br>Pl.'s Dep., 151:18-152:2.<br><br>Q. Where would you typically take your rest breaks?<br><br>A. Sometimes in the back of the store or in the warehouse.<br><br>Q. Would you take your rest breaks in your car as well?<br><br>A. Yeah, sometimes.<br><br>Q. It was your choice where you wanted to take your break; is that correct?<br><br>A. Yes. | |
| 17.    ¶ 20, at page 5:26-6:1<br><br>"I also never was informed by anyone at KDP or anywhere else that I could ever leave the job site to take my rest breaks." | **Contradicts Deposition Testimony.**<br><br>Plaintiff's declaration testimony contradicts his sworn deposition testimony that it was his choice where to take a rest break, that he could leave the retail stores during his rest breaks, and that he would take breaks in his car.<br><br>*See Lanzarone v. Guardsmark Holdings, Inc.*, 2006 WL 4393465, at *6 (C.D. Cal. Sept. 7, 2006) ("To the extent Plaintiff's declaration can be read to contradict his clear deposition testimony . . . the Court disregards the declaration and further finds that the declaration is contradictory and a sham and cannot be credited"); *United States ex rel. Lee v. Corinthian Colleges*, No. CV071984PSGMANX, 2013 WL 12114015, at *11 (C.D. Cal. | Sustained ___<br><br>Overruled ___ |

18

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| | Mar. 15, 2013) (declarations that clearly contradict testimony are to be disregarded); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (a declaration that directly contradicts deposition testimony must be disregarded).<br><br>**Testimony.**<br><br>Pl.'s Dep., 150:10-150:17.<br><br>Q. But at least what the company had informed you is that even if you're in the middle of a job at a store, you are free to take your lunch or your rest break; is that correct?<br><br>A. Yes.<br><br>Q. And that you were free to use that time however you wanted; is that correct?<br><br>A. Yes.<br><br>Pl.'s Dep., 141:2-5.<br><br>Q. And for your rest breaks . . . you were free to leave the store and then come back, correct?<br><br>A. Yes.<br><br>Pl.'s Dep., 151:18-152:2.<br><br>Q. Where would you typically take your rest breaks?<br><br>A. Sometimes in the back of the store or in the warehouse.<br><br>Q. Would you take your rest breaks in your car as well?<br><br>A. Yeah, sometimes.<br><br>Q. It was your choice where you wanted to take your break; is that correct? | |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

60106065v.1

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| | A. Yes. | |
| 18.   ¶ 20, at page 6:1-2<br><br>"KDP's policy was that because I was being paid, I was expected to be there and ready to assist if anything came up." | **Lacks Foundation/Speculation** (Fed. R. Evid. 602); **Contradicts Deposition Testimony.**<br><br>Plaintiff fails to lay a proper foundation sufficient to support a finding that the company's policy was that, because he was being paid for his rest breaks, he was expected to be on-call and ready to assist if anything came up.  Accordingly, the testimony is speculative and inadmissible.<br><br>Plaintiff's declaration testimony contradicts his sworn deposition testimony that it was his choice where to take a rest break, that he could leave the retail stores during his rest breaks, and that he would take breaks in his car.<br><br>*See Lanzarone v. Guardsmark Holdings, Inc.*, 2006 WL 4393465, at *6 (C.D. Cal. Sept. 7, 2006) ("To the extent Plaintiff's declaration can be read to contradict his clear deposition testimony . . . the Court disregards the declaration and further finds that the declaration is contradictory and a sham and cannot be credited"); *United States ex rel. Lee v. Corinthian Colleges*, No. CV071984PSGMANX, 2013 WL 12114015, at *11 (C.D. Cal. Mar. 15, 2013) (declarations that clearly contradict testimony are to be disregarded); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (a declaration that directly contradicts deposition testimony must be disregarded).<br><br>**Testimony.**<br><br>Pl.'s Dep., 150:10-150:17.<br><br>Q. But at least what the company had informed you is that even if you're in the middle of a job at a store, you are free to take your lunch or your rest | Sustained ___<br><br>Overruled ___ |

20

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| | break; is that correct?<br><br>A. Yes.<br><br>Q. And that you were free to use that time however you wanted; is that correct?<br><br>A. Yes.<br><br>Pl.'s Dep., 141:2-5.<br><br>Q. And for your rest breaks . . . you were free to leave the store and then come back, correct?<br><br>A. Yes.<br><br>Pl.'s Dep., 151:18-152:2.<br><br>Q. Where would you typically take your rest breaks?<br><br>A. Sometimes in the back of the store or in the warehouse.<br><br>Q. Would you take your rest breaks in your car as well?<br><br>A. Yeah, sometimes.<br><br>Q. It was your choice where you wanted to take your break; is that correct?<br><br>A. Yes. | |
| 19.    ¶ 20, at page 6:2-3<br><br>"To my best knowledge, other employees were subject to the same policies." | **Lacks Foundation / Personal Knowledge** (Fed. R. Evid. 602).<br><br>Plaintiff fails to lay a proper foundation sufficient to support a finding that all non-exempt employees in California were purportedly subject to the same alleged policies. Plaintiff fails to establish that he has personal knowledge of the matters asserted.<br><br>In addition, in his sworn deposition testimony, Plaintiff admits that he has not spoken with any current or former | Sustained ___<br><br>Overruled ___ |

21

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| | employees of Defendant. Accordingly, the testimony is speculative and inadmissible.<br><br>**Testimony.**<br><br>Pl.'s Dep., 107:15-17.<br><br>Q. Have you spoken with any former or current employees of Keurig Dr Pepper?<br><br>A. No. | |
| 20.    ¶ 21, at page 6:4-7<br><br>"I believed KDP had the ability to use the GPS system on the cell phone to track its employees' movement and position at all times.  I was fearful that if I left the premises I may be subject to discipline for leaving the premises on a rest break." | **Lacks Foundation / Personal Knowledge** (Fed. R. Evid. 602); **Contradicts Deposition Testimony.**<br><br>Plaintiff fails to lay a proper foundation sufficient to support a finding that ABC had the ability to use the GPS to track all non-exempt employees' movement and position. Accordingly, the testimony is speculative and inadmissible.<br><br>Plaintiff's declaration testimony contradicts his sworn deposition testimony that it was his choice where to take a rest break, that he could leave the retail stores during his rest breaks, and that he would take breaks in his car.<br><br>*See Lanzarone v. Guardsmark Holdings, Inc.*, 2006 WL 4393465, at *6 (C.D. Cal. Sept. 7, 2006) ("To the extent Plaintiff's declaration can be read to contradict his clear deposition testimony . . . the Court disregards the declaration and further finds that the declaration is contradictory and a sham and cannot be credited"); *United States ex rel. Lee v. Corinthian Colleges*, No. CV071984PSGMANX, 2013 WL 12114015, at *11 (C.D. Cal. Mar. 15, 2013) (declarations that clearly contradict testimony are to be disregarded); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (a declaration that directly | Sustained ___<br><br>Overruled ___ |

22

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| | contradicts deposition testimony must be disregarded). | |
| | **Testimony.** | |
| | Pl.'s Dep., 150:10-150:17. | |
| | Q. But at least what the company had informed you is that even if you're in the middle of a job at a store, you are free to take your lunch or your rest break; is that correct? | |
| | A. Yes. | |
| | Q. And that you were free to use that time however you wanted; is that correct? | |
| | A. Yes. | |
| | Pl.'s Dep., 141:2-5. | |
| | Q. And for your rest breaks . . . you were free to leave the store and then come back, correct? | |
| | A. Yes. | |
| | Pl.'s Dep., 151:18-152:2. | |
| | Q. Where would you typically take your rest breaks? | |
| | A. Sometimes in the back of the store or in the warehouse. | |
| | Q. Would you take your rest breaks in your car as well? | |
| | A. Yeah, sometimes. | |
| | Q. It was your choice where you wanted to take your break; is that correct? | |
| | A. Yes. | |
| 21.   ¶ 23, at page 6:11-15 "I would clock in and out | **Contradicts Deposition Testimony.** The declaration testimony contradicts | Sustained ___ Overruled ___ |

23

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| for lunches because I had to follow the instruction of the timekeeping app on my cell phone, but I rarely took my 30-minute uninterrupted compliant lunch breaks. My time recording app would not allow me to enter all my daily hours worked and the completed routes, unless I punched out and in for my breaks. | Plaintiff's sworn deposition testimony that he would attest on a daily basis whether he took his meal breaks, and that ABC would pay a meal period premium if work prevented him from taking his meal or rest breaks.<br><br>*See Lanzarone v. Guardsmark Holdings, Inc.*, 2006 WL 4393465, at *6 (C.D. Cal. Sept. 7, 2006) ("To the extent Plaintiff's declaration can be read to contradict his clear deposition testimony . . . the Court disregards the declaration and further finds that the declaration is contradictory and a sham and cannot be credited"); *United States ex rel. Lee v. Corinthian Colleges*, No. CV071984PSGMANX, 2013 WL 12114015, at *11 (C.D. Cal. Mar. 15, 2013) (declarations that clearly contradict testimony are to be disregarded); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (a declaration that directly contradicts deposition testimony must be disregarded).<br><br>**Testimony.**<br><br>Pl.'s Dep., 161:21-162:1.<br><br>Q. And as part of the attestation process, what you were required to do at the end of each day was to indicate on the timekeeping system whether you were provided all lunch and rest breaks in compliance with the company policy; is that correct?<br><br>A. Yes.<br><br>Pl.'s Dep., 75:13-19.<br><br>Q. If you were not provided a meal or rest period in accordance with company policy you were expected to indicate that on this form; is that correct?<br><br>A. Yes. | |

24

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| | Pl.'s Dep., 163:10-21.<br><br>Q. And you were instructed and trained that if you were not able to take your meal breaks in compliance with company policy, you needed to indicate that on the attestation by stating that work prevented you from taking your meal breaks; is that correct?<br><br>A. Correct.<br><br>Q. You were also trained and instructed that the company is relying on this attestation to determine whether to pay you a meal period premium, correct?<br><br>A. Yes. | |
| 22.    ¶ 24, on page 6:15-19<br><br>"I would be required to take a rest and/or meal break later than allowed by the law. The breaks were usually late because I would get a call from my direct supervisor requesting I finish stocking-up the merchandise or cleaning up the work area before I could take a break." | **Contradicts Deposition Testimony.**<br><br>The declaration testimony contradicts Plaintiff's sworn deposition testimony that he would attest on a daily basis whether he took his meal breaks, and that ABC would pay a meal period premium if work prevented him from taking his meal or rest breaks.<br><br>*See Lanzarone v. Guardsmark Holdings, Inc.*, 2006 WL 4393465, at *6 (C.D. Cal. Sept. 7, 2006) ("To the extent Plaintiff's declaration can be read to contradict his clear deposition testimony . . . the Court disregards the declaration and further finds that the declaration is contradictory and a sham and cannot be credited"); *United States ex rel. Lee v. Corinthian Colleges*, No. CV071984PSGMANX, 2013 WL 12114015, at *11 (C.D. Cal. Mar. 15, 2013) (declarations that clearly contradict testimony are to be disregarded); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (a declaration that directly contradicts deposition testimony must be disregarded). | Sustained ___<br><br>Overruled ___ |

25

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| | **Testimony.**<br><br>Pl.'s Dep., 161:21-162:1.<br><br>Q. And as part of the attestation process, what you were required to do at the end of each day was to indicate on the timekeeping system whether you were provided all lunch and rest breaks in compliance with the company policy; is that correct?<br><br>A. Yes.<br><br>Pl.'s Dep., 75:13-19.<br><br>Q. If you were not provided a meal or rest period in accordance with company policy you were expected to indicate that on this form; is that correct?<br><br>A. Yes.<br><br>Pl.'s Dep., 163:10-21.<br><br>Q. And you were instructed and trained that if you were not able to take your meal breaks in compliance with company policy, you needed to indicate that on the attestation by stating that work prevented you from taking your meal breaks; is that correct?<br><br>A. Correct.<br><br>Q. You were also trained and instructed that the company is relying on this attestation to determine whether to pay you a meal period premium, correct?<br><br>A. Yes. | |
| 23.     ¶ 24, on page 6:19-24<br><br>"Also, sometimes the store manager of the store where I am working, would request | **Contradicts Deposition Testimony.**<br><br>The declaration testimony contradicts Plaintiff's sworn deposition testimony that he would attest on a daily basis | Sustained ___<br><br>Overruled ___ |

26

60106065v.1

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| that I finish stocking-up the merchandise or cleaning up the work area before I leave for my lunch break. In those instances, KDP management instructed me to finish the assignment before taking my lunch break. Oftentimes, this resulted in me taking my lunch break after the fifth hour of my shift." | whether he took his meal breaks, and that ABC would pay a meal period premium if work prevented him from taking his meal or rest breaks.<br><br>*See Lanzarone v. Guardsmark Holdings, Inc.*, 2006 WL 4393465, at *6 (C.D. Cal. Sept. 7, 2006) ("To the extent Plaintiff's declaration can be read to contradict his clear deposition testimony . . . the Court disregards the declaration and further finds that the declaration is contradictory and a sham and cannot be credited"); *United States ex rel. Lee v. Corinthian Colleges*, No. CV071984PSGMANX, 2013 WL 12114015, at *11 (C.D. Cal. Mar. 15, 2013) (declarations that clearly contradict testimony are to be disregarded); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (a declaration that directly contradicts deposition testimony must be disregarded).<br><br>**Testimony.**<br><br>Pl.'s Dep., 161:21-162:1.<br><br>Q. And as part of the attestation process, what you were required to do at the end of each day was to indicate on the timekeeping system whether you were provided all lunch and rest breaks in compliance with the company policy; is that correct?<br><br>A. Yes.<br><br>Pl.'s Dep., 75:13-19.<br><br>Q. If you were not provided a meal or rest period in accordance with company policy you were expected to indicate that on this form; is that correct?<br><br>A. Yes.<br><br>Pl.'s Dep., 163:10-21.<br><br>Q. And you were instructed and | |

27

60106065v.1

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| | trained that if you were not able to take your meal breaks in compliance with company policy, you needed to indicate that on the attestation by stating that work prevented you from taking your meal breaks; is that correct? A. Correct. Q. You were also trained and instructed that the company is relying on this attestation to determine whether to pay you a meal period premium, correct? A. Yes. | |
| 24.  ¶ 25, on page 7:1-3 "To my knowledge, all other merchandisers did not understand how their mileage reimbursement was calculated based on reviewing their paystubs." | **Lacks Foundation/Speculation** (Fed. R. Evid. 602). Plaintiff fails to lay a proper foundation sufficient to support a finding that all other merchandisers did not understand how their mileage reimbursement was calculated based on reviewing their paystubs.  In Plaintiff's sworn deposition testimony, he admits that he has not spoken with any current or former employees of Defendants.  Accordingly, the testimony is speculative and inadmissible. **Testimony.** Pl.'s Dep., 107:15-17. Q. Have you spoken with any former or current employees of Keurig Dr Pepper? A. No. | Sustained ___ Overruled ___ |
| 25.  ¶ 25, on page 7:3-5 "In fact, to my knowledge, no merchandiser, including myself, received any documentation | **Lacks Foundation / Speculation** (Fed. R. Evid. 602). Plaintiff fails to lay a proper foundation sufficient to support a finding that all other merchandisers | Sustained ___ Overruled ___ |

28

60106065v.1

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| demonstrating the amount of miles driven during the pay period and how those miles were reimbursed." | did not receive any documentation demonstrating the amount of miles driven during the pay period and how those miles were reimbursed.  Plaintiff testifies about other merchandisers, but fails to lay any foundation sufficient to support a finding that he has personal knowledge of the matters asserted.<br><br>In addition, in his sworn deposition testimony, Plaintiff admits that he has not spoken with any current or former employees of Defendants.  Accordingly, the testimony is speculative and inadmissible.<br><br>**Testimony.**<br><br>Pl.'s Dep., 107:15-17.<br><br>Q. Have you spoken with any former or current employees of Keurig Dr Pepper?<br><br>A. No. | |

### OBJECTIONS TO DECLARATION OF LAQUITTA ROBINSON

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| 26.     ¶ 2, at page 2:6-7<br><br>"I am a former employee of The American Bottling Company and Keurig-Dr. Pepper, Inc. ('KDP'), located in Vernon, CA." | **Improper legal conclusion** (Fed. R. Evid. 704); **Lacks Foundation/Speculation** (Fed. R. Evid. 602).<br><br>Declarant's testimony that she was jointly employed by ABC and Keurig Dr. Pepper constitutes an impermissible legal conclusion, not a statement of fact.<br><br>Declarant also fails to lay a proper foundation sufficient to support a finding that she was jointly employed by ABC and Keurig Dr. Pepper. Accordingly, the testimony is | Sustained ___<br><br>Overruled ___ |

29

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| | speculative and inadmissible. | |
| 27.   ¶ 4, at page 2:26-26<br><br>"This policy and the employee handbook applied to all non-exempt employees in California, like me." | **Lacks Foundation / Personal Knowledge** (Fed. R. Evid. 602).<br><br>Declarant fails to lay a proper foundation to establish that ABC's policies and employee handbook apply to all non-exempt employees in California.  Declarant testifies about the purported application of ABC's policies, but fails to lay any foundation sufficient to support a finding that she has personal knowledge of the matters asserted. Accordingly, the testimony is speculative and inadmissible. | Sustained ___<br><br>Overruled ___ |
| 28.   ¶ 5, at pages 2:25-3:3<br><br>"KDP required all employees to remain on call by ordering employees to keep their radio phones and pagers on even during rest periods." | **Lacks Foundation / Personal Knowledge** (Fed. R. Evid. 602).<br><br>Declarant fails to lay a proper foundation to establish that ABC purportedly required all non-exempt employees in California to remain on-call during rest periods.  Declarant testifies about the purported application of ABC's policies, but fails to lay any foundation sufficient to support a finding that she has personal knowledge of the matters asserted. Accordingly, the testimony is speculative and inadmissible. | Sustained ___<br><br>Overruled ___ |
| 29.   ¶ 6, at page 3:7-8<br><br>"Due to high pressure and understaffing I was asked to clock out and continue working during my Meal Break." | **Hearsay** (Fed. R. Evid. 801-802).<br><br>Declarant offers hearsay evidence in the form of conversations with others that are out-of-court statements offered in evidence to prove the truth of the matters stated therein. | Sustained ___<br><br>Overruled ___ |
| 30.   ¶ 8, at page 3:20-21<br><br>"KDP expected their employees to work off the clock In order to complete tasks." | **Lacks Foundation / Personal Knowledge** (Fed. R. Evid. 602).<br><br>Declarant fails to lay a proper foundation to establish that ABC purportedly expects all non-exempt | Sustained ___<br><br>Overruled ___ |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

60106065v.1

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| | employees in California work off-the-clock in order to complete work related tasks.  Declarant testifies about ABC's purported expectations, but fails to lay any foundation sufficient to support a finding that she has personal knowledge of the matters asserted.  Accordingly, the testimony is speculative and inadmissible. | |

## OBJECTIONS TO DECLARATION OF MIGUEL AGUILAR

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| 31.      ¶ 2, at page 2:6-7<br><br>"I am a former employee of The American Bottling Company and Keurig-Dr. Pepper, Inc. ('KDP'), located in Vernon, CA." | **Improper legal conclusion** (Fed. R. Evid. 704); **Lacks Foundation/Speculation** (Fed. R. Evid. 602).<br><br>Declarant's testimony that he was jointly employed by ABC and Keurig Dr. Pepper constitutes an impermissible legal conclusion, not a statement of fact.<br><br>Declarant also fails to lay a proper foundation sufficient to support a finding that he was jointly employed by ABC and Keurig Dr. Pepper. Accordingly, the testimony is speculative and inadmissible. | Sustained ___<br><br>Overruled ___ |
| 32.      ¶ 3, at page 2:17-18<br><br>"This policy and the employee handbook applied to all non-exempt employees in California, like me." | **Lacks Foundation / Personal Knowledge** (Fed. R. Evid. 602).<br><br>Declarant fails to lay a proper foundation to establish that ABC's policies and employee handbook apply to all non-exempt employees in California.  Declarant testifies about the purported application of ABC's policies, but fails to lay any foundation sufficient to support a finding that he has personal knowledge of the matters asserted. | Sustained ___<br><br>Overruled ___ |

31

60106065v.1

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| | Accordingly, the testimony is speculative and inadmissible. | |
| 33.   ¶ 4, at page 2:20-21 <br><br> "These policies of not being able to leave the premises during rest breaks were enforced by KDP management." | **Lacks Foundation / Personal Knowledge** (Fed. R. Evid. 602). <br><br> Declarant fails to lay a proper foundation to establish that ABC management purportedly enforced a policy that required all non-exempt employees in California to remain on company premises during rest periods. Declarant testifies about the purported application of ABC's policies, but fails to lay any foundation sufficient to support a finding that he has personal knowledge of the matters asserted. Accordingly, the testimony is speculative and inadmissible. | Sustained \_\_\_ <br><br> Overruled \_\_\_ |
| 34.   ¶ 5, at page 2:25-27 <br><br> "KDP required all employees to remain on call by ordering employees to keep their radio phones and pagers on even during rest periods." | **Lacks Foundation / Personal Knowledge** (Fed. R. Evid. 602). <br><br> Declarant fails to lay a proper foundation to establish that ABC purportedly required all non-exempt employees in California to remain on-call during rest periods.  Declarant testifies about the purported application of ABC's policies, but fails to lay any foundation sufficient to support a finding that he has personal knowledge of the matters asserted. Accordingly, the testimony is speculative and inadmissible. | Sustained \_\_\_ <br><br> Overruled \_\_\_ |

## OBJECTIONS TO DECLARATION OF BLAKE ALLEN

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| 35.   ¶ 2, at page 2:6-7 <br><br> "I am a former employee of The American Bottling | **Improper legal conclusion** (Fed. R. Evid. 704); **Lacks Foundation/Speculation** (Fed. R. | Sustained \_\_\_ <br><br> Overruled \_\_\_ |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

60106065v.1

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| Company and Keurig-Dr. Pepper, Inc. ('KDP'), located in Vernon, CA." | Evid. 602). Declarant's testimony that he was jointly employed by ABC and Keurig Dr. Pepper constitutes an impermissible legal conclusion, not a statement of fact. Declarant also fails to lay a proper foundation sufficient to support a finding that he was jointly employed by ABC and Keurig Dr. Pepper. Accordingly, the testimony is speculative and inadmissible. | |
| 36.   ¶ 3, at page 2:17-18 "This policy and the employee handbook applied to all non-exempt employees in California, like me. | **Lacks Foundation / Personal Knowledge** (Fed. R. Evid. 602). Declarant fails to lay a proper foundation to establish that ABC's policies and employee handbook apply to all non-exempt employees in California.  Declarant testifies about the purported application of ABC's policies, but fails to lay any foundation sufficient to support a finding that he has personal knowledge of the matters asserted. Accordingly, the testimony is speculative and inadmissible. | Sustained ___ Overruled ___ |
| 37.   ¶ 4, at page 2:20-21 "These policies of not being able to leave the premises during rest breaks were enforced by KDP management." | **Lacks Foundation / Personal Knowledge** (Fed. R. Evid. 602). Declarant fails to lay a proper foundation to establish that ABC management purportedly enforced a policy that required all non-exempt employees in California to remain on company premises during rest periods. Declarant testifies about the purported application of ABC's policies, but fails to lay any foundation sufficient to support a finding that he has personal knowledge of the matters asserted. Accordingly, the testimony is speculative and inadmissible. | Sustained ___ Overruled ___ |
| 38.   ¶ 5, at page 2:24-25 | **Lacks Foundation / Personal** | Sustained ___ |

33

60106065v.1

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| "KDP required all employees to remain on call by ordering employees to keep their radio phones and pagers on even during rest periods." | **Knowledge** (Fed. R. Evid. 602).<br><br>Declarant fails to lay a proper foundation to establish that ABC purportedly required all non-exempt employees in California to remain on-call during rest periods. Declarant testifies about the purported application of ABC's policies, but fails to lay any foundation sufficient to support a finding that he has personal knowledge of the matters asserted. Accordingly, the testimony is speculative and inadmissible. | Overruled ___ |
| 39.    ¶ 6, at page 3:4-5<br><br>"Due to high pressure and understaffing I was asked to clock out and continue working during my Meal Break." | **Hearsay** (Fed. R. Evid. 801-802).<br><br>Declarant offers hearsay evidence in the form of conversations with others that are out-of-court statements offered in evidence to prove the truth of the matters stated therein. | Sustained ___<br><br>Overruled ___ |

## OBJECTIONS TO DECLARATION OF SANTIAGO BENAVIDEZ

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| 40.    ¶ 2, at page 3:7-8<br><br>"I am an employee of The American Bottling Company and Keurig-Dr. Pepper, Inc. (collectively, 'KDP'), located in Vernon, CA." | **Improper legal conclusion** (Fed. R. Evid. 704); **Lacks Foundation/Speculation** (Fed. R. Evid. 602).<br><br>Declarant's testimony that he was jointly employed by ABC and Keurig Dr. Pepper constitutes an impermissible legal conclusion, not a statement of fact.<br><br>Declarant also fails to lay a proper foundation sufficient to support a finding that he was jointly employed by ABC and Keurig Dr. Pepper. Accordingly, the testimony is speculative and inadmissible. | Sustained ___<br><br>Overruled ___ |

34

60106065v.1

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| 41.   ¶ 3, at page 3:18-19<br><br>"This policy and the employee handbook apply to all non-exempt employees in California, like me." | **Lacks Foundation / Personal Knowledge** (Fed. R. Evid. 602).<br><br>Declarant fails to lay a proper foundation to establish that ABC's policies and employee handbook apply to all non-exempt employees in California.  Declarant testifies about the purported application of ABC's policies, but fails to lay any foundation sufficient to support a finding that he has personal knowledge of the matters asserted. Accordingly, the testimony is speculative and inadmissible. | Sustained ____<br><br>Overruled ____ |
| 42.   ¶ 4, at page 3:21-23<br><br>"[T]hese policies of not being able to leave the premises during rest breaks are enforced by KDP management." | **Lacks Foundation / Personal Knowledge** (Fed. R. Evid. 602).<br><br>Declarant fails to lay a proper foundation to establish that ABC management purportedly enforced a policy that required all non-exempt employees in California to remain on company premises during rest periods. Declarant testifies about the purported application of ABC's policies, but fails to lay any foundation sufficient to support a finding that he has personal knowledge of the matters asserted. Accordingly, the testimony is speculative and inadmissible. | Sustained ____<br><br>Overruled ____ |

### OBJECTIONS TO DECLARATION OF JUSTIN BETANZOS

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| 43.   ¶ 2, at page 3:6-7<br><br>"I am a former employee of The American Bottling Company and Keurig-Dr. Pepper, Inc. ('KDP') of their facility located in Vernon, | **Improper legal conclusion** (Fed. R. Evid. 704); **Lacks Foundation/Speculation** (Fed. R. Evid. 602).<br><br>Declarant's testimony that he was jointly employed by ABC and Keurig | Sustained ____<br><br>Overruled ____ |

35

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| California." | Dr. Pepper constitutes an impermissible legal conclusion, not a statement of fact.<br><br>Declarant also fails to lay a proper foundation sufficient to support a finding that he was jointly employed by ABC and Keurig Dr. Pepper. Accordingly, the testimony is speculative and inadmissible. | |
| 44.    ¶ 3, at page 3:19-20<br><br>"This policy and the employee handbook applied to all non-exempt employees in California, like me." | **Lacks Foundation / Personal Knowledge** (Fed. R. Evid. 602).<br><br>Declarant fails to lay a proper foundation to establish that ABC's policies and employee handbook apply to all non-exempt employees in California.  Declarant testifies about the purported application of ABC's policies, but fails to lay any foundation sufficient to support a finding that he has personal knowledge of the matters asserted. Accordingly, the testimony is speculative and inadmissible. | Sustained ___<br><br>Overruled ___ |
| 45.    ¶ 4, at page 3:22-23<br><br>"These policies of not being able to leave the premises during rest breaks were enforced by KDP management." | **Lacks Foundation / Personal Knowledge** (Fed. R. Evid. 602).<br><br>Declarant fails to lay a proper foundation to establish that ABC management purportedly enforced a policy that required all non-exempt employees in California to remain on company premises during rest periods. Declarant testifies about the purported application of ABC's policies, but fails to lay any foundation sufficient to support a finding that he has personal knowledge of the matters asserted. Accordingly, the testimony is speculative and inadmissible. | Sustained ___<br><br>Overruled ___ |
| 46.    ¶ 3, at page 3:26-28<br><br>"KDP provided their employees – including me – with radio phones and they | **Lacks Foundation / Personal Knowledge** (Fed. R. Evid. 602).<br><br>Declarant fails to lay a proper foundation to establish that ABC | Sustained ___<br><br>Overruled ___ |

36

| Materials Objected to: | Grounds for Objection: | Ruling |
|---|---|---|
| required all to keep their radio phones and pagers on even during rest periods." | purportedly provided all non-exempt employees in California with radio phones or pagers, or otherwise required all of them to keep their radio on during rest periods.  Declarant testifies about the purported application of ABC's policies, but fails to lay any foundation sufficient to support a finding that he has personal knowledge of the matters asserted.  Accordingly, the testimony is speculative and inadmissible. | |
| 47.    ¶ 6, at page 4:7-8  "Due to high pressure and understaffing I was asked to clock out and continue working during my meal breaks." | **Hearsay** (Fed. R. Evid. 801-802).  Declarant offers hearsay evidence in the form of conversations with others that are out-of-court statements offered in evidence to prove the truth of the matters stated therein. | Sustained ___  Overruled ___ |

DATED: November 8, 2019                    Respectfully submitted,

                                           SEYFARTH SHAW LLP


                                           By: */s/ Daniel Whang*
                                                   Daniel Whang
                                                   David Rosenberg
                                                   Olivia Wada
                                           Attorneys for Defendants

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

60106065v.1