UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-04358-R-GJS | Date | January 6, 2020 |
|---|---|---|---|
| Title | *Juan M. Guzman-Lopez v. The American Bottling Company, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion for Class Certification (DE 27)

## I.  INTRODUCTION

Plaintiff Juan M. Guzman-Lopez ("Plaintiff") brings this suit against his former employer, the American Bottling Company, and Keurig-Dr. Pepper, Inc. (collectively "Defendants") for (1) failure to pay regular, minimum, and overtime wages; (2) failure to pay wages due upon termination; (3) failure to provide accurate wage statements; (4) meal and rest break violations.

Before the Court is Plaintiff's Motion for Class Certification under Federal Rule of Civil Procedure ("Rule") 23. For the following reasons, the Court **DENIES** Plaintiff's Motion.[1]

## II.  FACTUAL BACKGROUND

Defendant The American Bottling Company ("ABC") is a subsidiary of Defendant Keurig-Dr. Pepper, Inc., maker of various soft drinks. Defendant ABC offers bottling services and distributes Dr. Pepper affiliated soft drinks.

Defendant ABC employed Plaintiff as a merchandiser—a non-exempt employee—from December 4, 2017 to September 17, 2018. Plaintiff's role as a merchandiser involved visits to retail establishments throughout Los Angeles County to set up promotional displays and ensure products were properly stocked on customers' shelves.

---

[1] In the alternative, Plaintiff requests additional pre-certification discovery. The Court previously granted Plaintiff two continuances of the Local Rule 23–3 deadline. Plaintiff does not assert what additional discovery he intends to conduct or how it would address the issues Defendants raised. Plaintiff has not made any showing of good cause to grant his request. Therefore, the Court denies Plaintiff's Request for additional pre-certification discovery.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04358-R-GJS | Date | January 6, 2020 |
|---|---|---|---|
| Title | *Juan M. Guzman-Lopez v. The American Bottling Company, et al.* | | |

Around midnight, Plaintiff would receive his daily list, which he would review and familiarize himself with before mapping his route to the first retail establishment. Plaintiff alleges that Defendants' failure to compensate for these "pre-shift administrative tasks" constitutes unpaid work.

According to Plaintiff, there was a high volume of projects daily and Defendants encouraged merchandisers to handle as many assignments as possible. As a result, Plaintiff experienced intense and continuous pressure to complete his routes as fast as he could and he would skip breaks to move on to more projects.

Plaintiff alleges that he was subject to Defendants' uniform rest break policies, which required employees to remain on-site and on-call during their rest breaks. Plaintiff also alleges that it was common practice for Defendants' supervisors and managers to contact subordinates during rest and meal breaks to discuss work-related issues.

Plaintiff brings this suit on behalf of himself and others similarly situated. Plaintiff seeks to represent a class defined as follows:

"All persons who have been employed by Keurig-Dr. Pepper, Inc. and The American Bottling Company in California as a non-exempt employee at any time during the period beginning four years prior to the filing of this Complaint and ending on the date as determined by the Court ("Class Period")," who fall under one or more of the following subclasses:

a) **Off-the-Clock Subclass**: those who were not paid for all hours worked, in any pay period within the Class Period;

b) **Meal Break Subclass**: those who worked more than five hours and were not provided with uninterrupted meal periods of at least thirty minutes, and/or their meal periods began after the end of the fifth hour of work;

c) **Rest Break Subclass**: those who were not provided uninterrupted rest breaks of at least ten minutes for each four hours of work;

d) **Wage Statement Subclass**: those who were not provided with accurately itemized wage statements listing all hours worked;

e) **Waiting Time Subclass**: those who were not paid all wages due and owing at the time of their separation.

### III.   RULE 23 CLASS ACTION

#### A.   Judicial Standard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04358-R-GJS | Date | January 6, 2020 |
|---|---|---|---|
| Title | *Juan M. Guzman-Lopez v. The American Bottling Company, et al.* | | |

To certify a class action, the plaintiff bears the burden of demonstrating that the requirements of Rule 23 are met. *Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 947 (9th Cir. 2011). Rule 23(a) requires that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

A plaintiff must also establish one of the following requirements of Rule 23(b): (1) the prosecution of separate actions would create risk of (a) inconsistent or varying adjudications, or (b) individual adjudications dispositive of the interests of other members not a party to those individual adjudications; (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class; or (3) the questions of law or fact common to the members of the class *predominate* over any questions affecting only individual members, and a class action is *superior* to other available methods for the fair and efficient adjudication of the controversy. *See* Fed. R. Civ. P. 23(b).

A district court should permit a class action to proceed only if the court "is satisfied, after a rigorous analysis," that the Rule 23 prerequisites have been met. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011) (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). However, while some inquiry into the substance of a case may be necessary, it is improper to decide on the merits at the class certification stage. *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003).

**B.   Discussion**

The Court may certify the class if Plaintiff establishes all of the prerequisites of Rule 23(a) and at least one of the Rule 23(b) requirements. *See* Fed. R. Civ. P. 23.

1. *Rule 23(a)*

To satisfy the prerequisites of Rule 23(a), a plaintiff must set forth facts showing that the class meets four requirements: (1) numerosity; (2) adequacy of representation; (3) typicality; and (4) commonality. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997). The Court addresses each in turn.

a.   *Numerosity*

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While there is not a set number to satisfy this requirement, courts have found that a class with over forty members meets the requirement. *See, e.g., Ellis v. Costco Wholesale Corp.*, 240 F.R.D. 627, 637 (N.D. Cal. 2007) (vacated on other grounds); *Stewart v. Abraham*, 275 F.3d 220, 226–27 (3d Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04358-R-GJS | Date | January 6, 2020 |
|---|---|---|---|
| Title | *Juan M. Guzman-Lopez v. The American Bottling Company, et al.* | | |

Plaintiff seeks to certify a class of all current and former non-exempt employees who worked for Defendants in California during the Class Period. The proposed class would consist of approximately 4,557 individuals. Considering the large volume of this proposed class, the Court finds Plaintiff satisfies the numerosity requirement.

        b.    *Adequacy of Representation*

Rule 23(a)(4) requires the Court to determine if the named plaintiffs and proposed class counsel will fairly and adequately protect the interests of the entire class. The adequacy requirement is satisfied if the named plaintiffs and their counsel (1) will prosecute the action vigorously on behalf of the class, and (2) do not have interests adverse to unnamed class members. *Hanlon*, 150 F.3d at 1020. "Adequate representation is usually presumed in the absence of contrary evidence." *Californians for Disability Rights, Inc. v. Cal. Dep't of Transp.*, 249 F.R.D. 334, 349 (N.D. Cal. 2008).

The Court finds that Counsel is adequate. To be adequate, "[t]he named representative's attorney [must] be qualified, experienced, and generally capable to conduct the litigation." *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1007 (9th Cir. 2018) (alteration in original) (quoting *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1323 (9th Cir. 1982)). Counsel appear to have experience prosecuting wage and hour actions and employment litigation, and Defendants do not challenge the adequacy of Counsel.

However, Defendants challenge Plaintiff's adequacy as class representative. Plaintiff contends he is an adequate class representative because he understands the suit, has no conflicts with the class, and his interests align with the class's. For the reasons discussed below in the Court's commonality analysis, the determination of Plaintiff's adequacy of counsel is moot.

        c.    *Typicality*

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality is satisfied "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) (citation omitted).

Typicality requires only that "representative claims . . . [be] reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. Moreover, the Supreme Court has noted that the typicality requirement tends to merge with the commonality requirement. *Dukes*, 564 U.S. at 349 n.5. Thus, to satisfy the typicality requirement, Plaintiffs must demonstrate that the proposed representatives and unnamed class members "have the same or similar injury, . . . the action is based on conduct which is not unique to the named plaintiffs, and . . . other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04358-R-GJS | Date | January 6, 2020 |
|---|---|---|---|
| Title | *Juan M. Guzman-Lopez v. The American Bottling Company, et al.* | | |

Here, Plaintiff asserts that he had the same or substantially similar job position, title, and duties as the class members he seeks to represent and that they all used the same timekeeping system. Plaintiff also asserts that he and the class members were subject to the same policy or practice that required them to remain on premises during rest breaks, forego meal breaks, and perform unpaid work.

Defendants challenge Plaintiff's assertions and argue that Defendants' meal and rest break policies were not only lawful but also inapplicable to union members, including Plaintiff. Specifically, Defendants argue that a rest break policy requiring employees to remain on premises did not apply to Plaintiff because his union rules pre-empted Defendants' policies and that as a merchandiser, Plaintiff did not work on company premises.

Defendants submit several declarations of putative class members to combat Plaintiff's assertion that there was an intense pressure to finish all assignments, even if it meant skipping meal periods. Defendants argue that Plaintiff subjectively felt the intense pressure to forego meal periods and point to their meal period attestation policy, which required employees to complete daily meal period attestations. Defendants contend that their policy and the declarations submitted demonstrate the absence of an unlawful company-wide policy or practice requiring employees skip meal periods.

Defendants also challenge Plaintiff's unpaid work claim. Defendants argue that they maintained lawful written timekeeping policies that prohibited "off-the-clock" work and the putative class members' declarations contradict Plaintiff's theory of liability—that employees were required to perform uncompensated pre-shift tasks.

To the extent that typicality requires the Court to analyze whether putative class members are in the same occupational classification, the Court find this requirement satisfied because the class encompasses all non-exempt employees.

However, to the extent that typicality requires the Court to analyze whether putative class members suffer the same variety of injury stemming from the same standardized policies and procedures, the Court does not find this requirement satisfied. *Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001). As discussed below, Plaintiff fails to demonstrate that he and the class members suffered the same injury or experienced the same policies.

    d.    *Commonality*

Rule 23(a)(2) requires there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The requirements of Rule 23(a)(2) are "construed permissively." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Members of a putative class must share a "common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04358-R-GJS | Date | January 6, 2020 |
|---|---|---|---|
| Title | *Juan M. Guzman-Lopez v. The American Bottling Company, et al.* | | |

Here, Plaintiff insists several common questions apply to all class members and generate common answers to drive the resolution of this litigation. According to Plaintiff, those questions include whether Plaintiff and class members (1) received statutorily required rest breaks; (2) were provided a meal period before the end of the fifth hour of work; (3) were paid for all hours worked; (4) received accurate wage statements; and (5) were timely paid all wages due at termination. The Court addresses each in turn.

(1) Rest Breaks

The first common question Plaintiff identifies is whether Plaintiff and class members received statutorily required rest breaks. Plaintiff alleges that Plaintiff and class members were all subject to Defendants' rest break policies that required employees to remain on-site and on-duty during rest breaks.

As a preliminary matter, Defendants challenge Plaintiff's assertions as failing to establish a common unlawful policy.

First, Defendants argue that Plaintiff's theory of liability is premised on an erroneous legal assumption—a lawful policy requiring employees remain on-site during rest periods. Defendants contend that a policy requiring employees remain on the premises during rest breaks is lawful; however, no such policy applies to Plaintiff. According to Defendants, Plaintiff did not work on company premises as a merchandiser, so he was not subject to policies requiring employees remain on premises.

Second, Defendants argue that Plaintiff does not identify a policy requiring employees to be on-call during rest periods. Defendants deny the existence of a uniform policy that required employees to monitor cell phones, radios, and pagers while on break and assert that putative class members testified they were not expected to be on call. Defendants also argue that Plaintiff did not provide common evidence of denial of meal periods in violations of Defendants' lawful policies.

(2) Meal Periods

The second common question Plaintiff identifies is whether Plaintiff and class members were provided a meal period before the end of the fifth hour of work. Plaintiff alleges that he and the class members were under constant pressure to complete their assignments. This pressure—along with the high volume of work and travel time—forced Plaintiff and class members to regularly forego their meal breaks. Plaintiff concedes that Defendants had a facially lawful meal break policy but asserts that meal breaks were dependent on the workload and that he and class members were expected to skip meals without compensation.

Defendants insist that they had lawful meal break policies which required employees to complete daily meal period attestations. Defendants argue that Plaintiff did not show that these attestations were inaccurate or that Plaintiff or class members were discouraged from responding truthfully. In the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04358-R-GJS | Date | January 6, 2020 |
|---|---|---|---|
| Title | *Juan M. Guzman-Lopez v. The American Bottling Company, et al.* | | |

absence of an unlawful policy forcing employees to forego meal periods, Defendants contend, Plaintiff's time pressure argument is subjective and does not support a classwide meal period violation claim.

(3) Unpaid Work

The third common question Plaintiff identifies is whether Plaintiff and class members were paid for all hours worked. Plaintiff's theory of liability for this question is premised on his experience reviewing his route list and mapping his route prior to the beginning of the workday—what he labels as "pre-shift administrative tasks." Plaintiff contends that these tasks marked the beginning of the workday and constituted principal activity for which he and class members should have been compensated. Thus, under the continuous workday rule, he and class members should have also been compensated for driving from home to the first customer's location.[2]

Defendants deny the existence of a policy requiring employees review schedules or perform administrative tasks at home. Defendants argue that they had a lawful written timekeeping policy that prohibited "off-the-clock" work, and Plaintiff admitted this system required him to report all hours worked. Further, Defendants submitted merchandisers' testimonies to show they were not required to conduct pre-shift tasks.

(4) Accurate Wage Statements; and (5) Wages Upon Termination

The fourth and fifth common questions Plaintiff identifies are whether wage statements provided to Plaintiff and class members were accurate and whether plaintiff and class members were timely paid all wages due at termination. Plaintiff's theory of liability for each of these questions is premised on the preliminary questions discussed above—primarily unpaid work. Plaintiff contends that the pre-shift administrative tasks were performed off-the-clock, so the wage statements issued were inaccurate because they did not include those hours. For the same reason, Plaintiff argues that Plaintiff and class members were not timely paid all wages due to them at termination.

Considering the foregoing arguments with respect to commonality, the Court finds that a classwide proceeding would not accomplish Rule 23(a)'s aim of generating a common answer and resolving the central issue of Defendant's liability in "one stroke" because Plaintiff's claims lack commonality with any conceivable claim brought by a putative class member" *See Dukes*, 564 U.S. at 350. Here, not only has Plaintiff failed to identify a uniform policy requiring him and the other putative class members to perform pre-shift tasks, but Defendants have submitted numerous declarations which contradict Plaintiff's unfounded assertion that this was a common practice, let alone an illegal one. Instead, Plaintiff manufactures disparate, ill-conceived theories of liability in an unsuccessful attempt to

---

[2] "'Workday' as used in the Portal Act means, in general, the period between the commencement and completion on the same workday of an employee's principal activity or activities. It includes all time within that period whether or not the employee engages in work throughout all of that period." 29 C.F.R. § 790.6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04358-R-GJS | Date | January 6, 2020 |
|---|---|---|---|
| Title | *Juan M. Guzman-Lopez v. The American Bottling Company, et al.* | | |

generate a common answer where none exists. Not only has Plaintiff failed to establish commonality warranting certification, but Defendants' declarations and policies submitted in opposition to the Motion effectively rebut the existence of actionable common policies and practices that might give rise to common issues capable of classwide resolution. Accordingly, the Court finds that Plaintiff did not satisfy the commonality requirement.

    2. *Rule 23(b)*

Because the Court finds Plaintiff fails to demonstrate requisite commonality pursuant to Rule 23(a), the Court foregoes the remainder of Rule 23 analysis and **DENIES** Plaintiff's Motion for Class Certification.

**(5) CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Class Certification.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | CCH |